UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OPAL C. CORRICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-CV-0679-B |
| | § | |
| AMERICAN AIRLINES, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant American Airlines' Motion to Partially Dismiss Plaintiff's Original Complaint (Doc. 15), seeking dismissal of Plaintiff Opal C. Corrica's claims for termination based on race, hostile work environment, and failure to hire. For the reasons stated below, the Court **GRANTS** American Airlines' motion, but **GRANTS** Corrica leave to amend her complaint within **TWENTY-ONE (21)** days of the entry of this Order.

## I.

## BACKGROUND[1]

American Airlines employed Corrica as a flight crew scheduler beginning in April 2015.[2] Doc. 1, Compl., ¶ 4. According to Corrica, she "was the only African American in her group," and the other employees at her location "were overwhelmingly Caucasian." *Id.* ¶¶ 4–5. She claims that many

---

[1] The factual history is drawn from the parties' pleadings and briefing.

[2] Corrica claims that she began her employment as a Flight Crew Scheduler with US Airways, which merged with American Airlines during her employment. Doc. 1, Compl., ¶ 4. For simplicity's sake, this Order refers to both American Airlines and US Airways as "American Airlines."

of her coworkers "would openly stare at [Corrica] like they had never seen a black person before." *Id.* ¶ 5.

In May 2015, Corrica complained to American Airlines that her superior, George Krohmer,[3] had sexually harassed her. *Id.* ¶¶ 6–7. American Airlines investigated and confirmed Corrica's complaint and subsequently "informed [Corrica] that Krohmer was no longer employed by [American Airlines]." Doc. 15, Def.'s Mot., 2; *see* Doc. 1, Compl., ¶ 10. Corrica alleges that in response to her complaint against Krohmer, her coworkers "began to be standoffish with her." Doc. 1, Compl., ¶ 8. More specifically, she claims that her "Caucasian [coworkers] heckled, humiliated, and belittled [her] while attempting to set [her] up for failure by hiding important information that [Corrica] needed to do her job." *Id.* Corrica asserts that "her coworkers, specifically her Caucasian supervisors . . . were trying to make her feel so frustrated that she would resign." *Id.*

Corrica claims that this "hostile behavior . . . continued into October 2015" and that "[a]t every turn, [Corrica] was given a hard time, information was hidden from her[,] and her coworkers openly discussed the situation" regarding her complaint against Krohmer "in [her] presence." *Id.* ¶ 11. Corrica informed her manager of what Corrica perceived as discrimination and retaliation from the "[m]ostly Caucasian team[.]" *Id.* Afterwards, she claims, an American Airlines human resources representative "confirmed to [her] that her coworkers[,] . . . most of whom were very close to [Krohmer], did not trust [Corrica]" and even "implied the situation . . . was somehow her fault." *Id.*

---

[3] Corrica spells Krohmer's last name as "Kromer." *See* Doc. 1, Compl., ¶ 6. Because American Airlines previously employed Krohmer, the Court opts to use American Airlines' spelling. *See* Doc. 15, Def.'s Mot., 2.

¶ 12. Corrica claims she continued to perform her duties and "even received an exemplary performance review in January 2016" despite the alleged harassment. *Id.*

Corrica "filed a charge of discrimination" with the Equal Employment Opportunity Commission ("EEOC") around January 2016. *Id.* ¶ 13. Near that time, she also began applying for "other job opportunities within American Airlines" in various positions and cities. *Id.* Corrica claims that during this period, "she received three request[s] to interview" for positions in Miami, Florida, and San Antonio, Texas, and a request for a second interview for one of those positions. *Id.* ¶¶ 13–14. According to Corrica, although the "hiring manager expressed . . . that they were very interested in hiring [Corrica]" for a position, the hiring manager informed Corrica that Corrica's immediate manager "refused to release [her]." *Id.* ¶ 14. Corrica claims that "[i]n or around April 201[6], [she] was suspended from work but no reason was given to [her] for the suspension" and that "toward the end of May 201[6], . . . [Corrica] was told that she was being terminated from the company" without explanation. *Id.* ¶¶ 16–17; *see* Doc. 20, Pl.'s Resp., 4–5 (correcting date).

On March 19, 2020, Corrica filed a complaint in this Court, alleging race discrimination and retaliation under Title VII and 42 U.S.C. § 1981. Doc. 1, Compl., ¶¶ 20–26. On August 20, 2020, American Airlines filed its motion to partially dismiss Corrica's complaint (Doc. 15). Corrica filed her response (Doc. 20) on September 21, 2020, and American Airlines filed its reply in support of its motion (Doc. 23) on October 13, 2020. The motion is ripe for review.

## II.

## LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). If a plaintiff's complaint fails to state such a claim, Rule 12(b)(6) allows a defendant to file a motion to dismiss. Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks omitted) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). The Court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (citation omitted).

To survive a motion to dismiss, a plaintiff "must plead facts sufficient to show that her claim has substantive plausibility." *Johnson v. City of Shelby*, 547 U.S. 10, 12 (2014). That means "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* When well-pleaded facts fail to meet this standard, "the complaint has alleged—but it

has not shown—that the pleader is entitled to relief." *Id.* at 679 (quotation marks and alterations omitted).

## III.

## ANALYSIS

American Airlines seeks to dismiss three categories of Corrica's claims pursuant to Rule 12(b)(6): (1) her claims under both Title VII and § 1981 "that American Airlines terminated her employment because of her race"; (2) her Title VII and § 1981 "hostile work environment claim[s]"; and (3) her Title VII and § 1981 "failure to hire claim[s.]" Doc. 15, Def.'s Mot., 1–2. American Airlines also asserts untimeliness and failure to exhaust administrative remedies as alternative grounds for dismissal. *Id.* at 5–15. The Court first addresses American Airlines' timeliness arguments. Next the Court addresses each category of Corrica's claim in turn and dismisses each.

A.   *The Court Rejects American Airlines' Timeliness Arguments.*

As a preliminary matter, the Court addresses American Airlines' arguments that Corrica's § 1981 hostile-work-environment and failure-to-hire claims should be dismissed because they are untimely. *Id.* at 10, 14. Because the timeline of events is unclear from the record, the Court finds dismissal on these grounds inappropriate at this stage in the proceedings.

Generally, "[a] plaintiff's claims under § 1981 are subject to a four-year statute of limitations under the 'catch all' limitations period for federal claims, 28 U.S.C. § 1658." *Anderson v. Sikorsky Support Servs., Inc.*, 66 F. Supp. 3d 863, 871 (S.D. Tex. Nov. 5, 2014) (citing *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382–84 (2004); *Johnson v. Crown Enter., Inc.*, 398 F.3d 339, 341 (5th Cir. 2005)).

American Airlines claims that Corrica was suspended on February 27, 2016, and that the statute of limitations for Corrica's hostile-work-environment claim began to run from that date because she was "removed from the work environment[.]" Doc. 15, Def.'s Mot., 10. Accordingly, American Airlines claims that when Corrica filed her complaint on March 19, 2020, she missed her filing deadline by three weeks. *Id.* However, the Court declines to find that Corrica's § 1981 hostile-work-environment claim is untimely at this time for two reasons. First, Corrica claims that she was suspended "[i]n or around April 2016," and if this is true, her complaint was timely. Doc. 20, Pl.'s Resp., 4. Neither party produces sufficient evidence for this Court to determine the actual date of Corrica's suspension, and the Court will not dismiss Corrica's § 1981 claims under the mere assumption that American Airlines' date is correct. Second, even if the date of suspension was February 27, 2016, American Airlines has not provided evidence to show that Corrica was actually "removed from the work environment[.]" Doc. 15, Def.'s Mot., 10. In other words, the Court lacks sufficient information to determine whether the statute of limitations began to run on the date of Corrica's suspension or on the date of her termination, which was in May 2016. If the date of termination is the date that Corrica's claim accrued, Corrica's claim was made within the four-year period. In sum, without more information, the Court cannot determine whether Corrica's § 1981 hostile-work-environment claim was timely.

Similarly, the Court lacks sufficient information to determine when Corrica's § 1981 failure-to-hire claim arose and, therefore, if it was timely. American Airlines states that "Corrica alleges that she sought other job opportunities with American Airlines in January 2016, but she did not file this lawsuit until more than four years later in March 2020." Doc. 15, Def.'s Mot., 14. However,

Corrica's complaint states only that she "began looking for other job opportunities within American Airlines" around January 2016. Doc. 1, Compl., ¶ 13. She states that she then "applied to multiple positions" and began the interview process for these positions, receiving an invitation for a second interview for one position before ultimately learning that she would not receive the job offer. *Id.* ¶¶ 13–14. The timing of these events is unclear from the briefing, as the Court is only aware of when Corrica began her search for other positions. Accordingly, the Court will not dismiss Corrica's § 1981 failure-to-hire claim at this time because the Court cannot determine the date that her claim arose.

B.  *Corrica Does Not Adequately Allege that American Airlines Terminated Her Employment Because of Her Race.*

American Airlines construes Corrica's complaint as alleging disparate-treatment race discrimination. Doc. 15, Def.'s Mot., 5. American Airlines argues that Corrica fails to plead enough facts from which a reasonable inference can be drawn that American Airlines terminated her employment because of her race. *Id.* at 6 (citations omitted). To the extent that Corrica's complaint alleges disparate-treatment race discrimination, the Court agrees with American Airlines that Corrica does not sufficiently plead her claim.

In order to establish a *prima facie* case of disparate-treatment race discrimination, a plaintiff must demonstrate:

> (1) that she is a member of a protected class; (2) that she was qualified for the position at issue; (3) that she was the subject of an adverse employment action; and (4) that she was treated less favorably because of her membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances.

*Moore v. Univ. Miss. Med. Ctr.*, 719 F. App'x 381, 385 (5th Cir. 2018) (quotation marks and alterations omitted) (quoting *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009)); *Bryan*

*v. McKinsey & Co., Inc.*, 375 F.3d 358, 360 (5th Cir. 2004). Although a plaintiff need not establish a *prima facie* case to survive a Rule 12(b)(6) motion to dismiss, she must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Notably, a disparate-treatment claim requires enough facts to plausibly infer that the "defendant took the adverse employment action against a plaintiff *because of* her protected status." *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (emphasis in original) (citation omitted).

In support of her claim that she was terminated because of her race, Corrica alleges only that (1) she "was the only African American in her group," (2) the other employees "were overwhelmingly Caucasian" and "would openly stare at [Corrica] like they had never seen a black person before," and (3) she was suspended and ultimately terminated shortly after filing her charge of discrimination with the EEOC. Doc. 1, Compl., ¶¶ 4–5, 18. As American Airlines points out, Corrica's complaint "does not allege that she was subject to any racist or racially insensitive remarks, or that a similarly-situated employee outside of her protected class was treated more favorably than she." Doc. 15, Def.'s Mot., 6. Although Corrica claims that her "[m]ostly Caucasian" employees "heckled, humiliated, and belittled" her and gave her a "hard time," Doc. 1, Compl., ¶¶ 8, 11–12, she does not allege facts to suggest that this behavior was racially motivated. Instead, she alleges that the behavior was motivated by "the situation with [Krohmer]" and Corrica's complaint of sexual harassment. *Id.* ¶ 12.

Corrica's claim that she was terminated because of her race is conclusory, as the mere allegations that she is of a different race than her coworkers and that her coworkers acted with hostility towards her do not allow the reasonable inference that American Airlines' act of terminating

Corrica's employment was racially motivated. *See France v. Lockheed Martin Corp.*, 2018 WL 10561526, at *3 (N.D. Tex. Oct. 10, 2018) (finding plaintiff's allegations that she is African-American and was terminated after complaining of a coworker's use of a racial epithet insufficient to show that her termination was racially motivated); *Estes v. Thrift Town*, 2018 WL 1157787, at *2 (N.D. Tex. Feb. 7, 2018) (recommending dismissal of plaintiff's Title VII claim despite coworker's "rude comments," because plaintiff did not demonstrate that the termination was because of her race), *R&R adopted*, 2018 WL 1122204 (N.D. Tex. Mar. 1, 2018). Corrica claims that she "was never given a reason for her termination," Doc. 1, Compl., ¶ 18, but assumes that American Airlines "intentionally discriminated against [her] based on race." *Id.* ¶ 21. Because her allegations do not support a reasonable inference that her termination was related to her race, she has not raised her "right to relief above the speculative level." *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555); *see also Kelley v. KIMC Invs., Inc.*, 2012 WL 639283, at *4 (N.D. Tex. Feb. 28, 2012) (dismissing plaintiff's claim of race discrimination because the allegations were "conclusory and speculative"). In the absence of additional facts, Corrica has not pleaded a plausible claim under Title VII or § 1981.

C.   *Corrica Does Not Sufficiently Plead a Hostile-Work-Environment Claim.*

Corrica asserts claims for hostile work environment under Title VII and § 1981. Doc. 1, Compl., ¶¶ 21, 24. American Airlines seeks to dismiss these claims "because [Corrica] has not alleged severe or pervasive harassment." Doc. 15, Def.'s Mot., 7. Indeed, to survive American Airlines' Rule 12(b)(6) motion to dismiss, Corrica must plead enough facts to permit the reasonable inference that:

> (1) [she] belongs to a protected class; (2) [she] was subject to unwelcome harassment; (3) the harassment complained of was based on [her] protected characteristic; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known, of the harassment and failed to take prompt remedial action.

*Alzuraqi v. Grp. 1 Auto., Inc.*, 921 F. Supp. 2d 648, 658 (N.D. Tex. 2013) (citing *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002)); *Mendoza v. Helicopter*, 548 F. App'x 127, 128–29 (5th Cir. 2013) (per curiam). In order to prove the fourth element, the conduct "must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Ramsey*, 286 F.3d at 268 (citation and quotation marks omitted). The Court finds that Corrica has not adequately alleged that the harassment was sufficiently severe or pervasive.

Corrica claims that after complaining of Krohmer's sexual harassment, her coworkers "heckled, humiliated, and belitted [her] while attempting to set [her] up for failure by hiding important information that [Corrica] needed to do her job." Doc. 1, Compl., ¶ 8. While Corrica argues that "detailed factual allegations are not required," Doc. 20, Pl.'s Resp., 7 (quoting *Twombly*, 550 U.S. at 555)(quotation marks omitted), she ignores that "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Corrica does not describe specific instances of "heckl[ing], humiliat[ing], and belittl[ing]" from her coworkers. Doc. 1, Compl., ¶ 8. Nor does she state the frequency of such conduct. Moreover, Corrica's ambiguous allegation that her coworkers "hid[] important information" from her is insufficient, as she does not state what was hidden from her or why it prevented her from doing her job. *See id.* In other words, Corrica has not pleaded more than conclusory allegations of harassment. *See generally id.* Without

additional facts, the Court finds that Corrica has not sufficiently pleaded a claim for hostile work environment.

Additionally, American Airlines argues that Corrica's § 1981 hostile-work-environment claim cannot be based on a theory of retaliation for Corrica's sexual-harassment complaint, because § 1981 does not prohibit sexual harassment. Doc. 15, Def.'s Mot., 11. The Court agrees. In order to prevail on a § 1981 claim, "a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020). As previously discussed, Corrica alleges little to show that her coworkers' behavior was racially motivated, aside from pointing out that her coworkers were of a different race than she. *See supra* Section III.B. Insofar as Corrica brings a hostile-work-environment claim under § 1981, she has not sufficiently pleaded a claim for hostile work environment because she fails to show that the alleged harassment was racially motivated.

D.  *Corrica Fails to Adequately Plead a Failure-to-Hire Claim.*

Finally, American Airlines seeks to dismiss Corrica's failure-to-hire claim. Doc. 15, Def.'s Mot., 12–15. Again, American Airlines asserts that Corrica has failed to plead enough facts to establish a plausible claim. *Id.* at 14. As a preliminary matter, the Court does not read Corrica's complaint as bringing a failure-to-hire claim, as American Airlines does. But because Corrica takes the position in her response brief that she has sufficiently pleaded a failure-to-hire claim, the Court analyzes it nonetheless. Doc. 20, Pl.'s Resp., 8–9.

To survive American Airlines' Rule 12(b)(6) motion on her failure-to-hire claim, Corrica must allege enough facts from which the Court could draw a reasonable inference that the elements of her claim are met. *Iqbal*, 556 U.S. at 678. A plaintiff claiming failure to hire must show:

> (1) [she] is a member of a protected group; (2) [she] applied for a position; (3) [she] was qualified for the position at issue; (4) [she] was not selected for the position; and [(5)] the position either remained open or the employer selected a person who is not a member of a protected class.

*Fuller v. Donahoe*, 2015 WL 12533009, at *2 (N.D. Tex. Mar. 30, 2015) (citing *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1087 (5th Cir. 1994)); *Brown v. AT&T Servs. Inc.*, 236 F. Supp. 3d 1000, 1006 (citing *Mason v. United Air Lines, Inc.*, 274 F.3d 314, 318 (5th Cir. 2001)). Here, Corrica fails to adequately allege a failure-to-hire claim.

Notably, Corrica has not alleged enough facts to draw a reasonable inference that she was qualified for the positions for which she applied. She alleges that she "applied to multiple positions in other cities, that matched her skill set and background within the company." Doc. 1, Compl., ¶ 13. Corrica's complaint does not identify the positions sought, explain the nature of "her skill set and background within the company," or give any other reason to infer that Corrica was qualified for the positions for which she was not hired. *See generally id.* In response to American Airlines' motion to dismiss, Corrica identifies the position for which she "received a call back for a second interview" as an "Inflight Duty Manager position," Doc. 20, Pl.'s Resp., 8, but does not state what the duties of that position are, whether the position is similar to Corrica's previous Flight Crew Scheduler position, or whether any other reason exists to show that Corrica was qualified to be an Inflight Duty Manager. Nor does Corrica state that the position remained open or that American Airlines selected a person who is not a member of a protected class for the position. Without more

information, the Court does not find that Corrica's failure-to-hire claims are plausible. *Twombly*, 550 U.S. at 570.

Additionally, American Airlines seeks to dismiss Corrica's Title VII failure-to-hire claim because she failed to exhaust administrative remedies before bringing suit. Doc. 15, Def.'s Mot., 12. "Title VII provides that claimants have ninety days to file a civil action after *receipt* of such a notice from the EEOC." *Taylor v. Books A Million*, 296 F.3d 376, 379 (5th Cir. 2002) (emphasis in original). American Airlines contends that Corrica's claim should be dismissed because she failed to "timely file a charge of discrimination with the EEOC asserting the claim and receive a Notice of Right to Sue from the EEOC" prior to filing her claim in this Court. Doc. 15, Def.'s Mot., 12 (citing *Taylor*, 296 F.3d at 378–79). American Airlines is correct that Corrica has provided no evidence that she received a statutory notice of right to sue from the EEOC—a prerequisite for her Title VII failure-to-hire claim. *Taylor*, 296 F.3d at 379 ("Although filing of an EEOC charge is not a jurisdictional prerequisite, it is a precondition to filing suit in district court." (citation and quotation marks omitted)). Therefore, the Court does not have enough facts from which to draw the reasonable inference that Corrica has exhausted her administrative remedies.

In sum, the Court finds that Corrica fails to sufficiently plead her claims for disparate-treatment race discrimination, hostile work environment, and failure to hire.

E.   *The Court Grants Corrica Leave to Amend Her Complaint.*

Normally, courts will afford a plaintiff the opportunity to overcome pleading deficiencies, unless it appears certain that such repleading would be futile. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam) ("[A] court ordinarily should not dismiss the complaint except

after affording every opportunity for the plaintiff to state a claim upon which relief can be granted." (alterations incorporated)). Since this Order is the Court's first review of Corrica's allegations, the Court concludes that she should be given the opportunity to replead her disparate-treatment race discrimination, hostile-work-environment, and failure-to-hire claims. Accordingly, the Court **ORDERS** Corrica to file an amended complaint within **TWENTY-ONE (21)** days from the date of this Order.

## IV.
## CONCLUSION

Accordingly, the Court **GRANTS** American Airlines' Motion to Partially Dismiss Plaintiff's Original Complaint (Doc. 15). Further, the Court **ORDERS** Corrica to file an amended complaint within **TWENTY-ONE (21)** days from the date of this Order.

**SO ORDERED.**

**SIGNED: December 28, 2020.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE