UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OPAL C. CORRICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-CV-0679-B |
| | § | |
| AMERICAN AIRLINES, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Opal C. Corrica's Amended Complaint (Doc. 27) and Defendant American Airlines' Motion to Partially Dismiss Plaintiff's Amended Complaint (Doc. 28). For the reasons stated below, the Court **GRANTS** American Airlines' motion and **DISMISSES** Corrica's claims for disparate-treatment race discrimination, hostile work environment, and failure to hire **WITH PREJUDICE**.

I.

BACKGROUND[1]

Corrica filed her original complaint with this Court on March 19, 2020, alleging race discrimination and retaliation under Title VII and 42 U.S.C. § 1981. Doc. 1, Compl., ¶¶ 20–26. On August 20, 2020, American Airlines filed a motion to partially dismiss Corrica's original complaint, seeking dismissal of Corrica's claims for disparate-treatment race discrimination, hostile work environment, and failure to hire. Doc. 26, Mem. Op. & Order, 1 (citation omitted). On December

---

[1] The Court hereby incorporates the Background section of its prior Memorandum Opinion and Order (Doc. 26).

28, 2020, after the motion was fully briefed, the Court issued an order ("Order") granting American Airlines' motion and finding that "Corrica fail[ed] to sufficiently plead her claims[.]" *Id.* at 13. However, the Court permitted Corrica to replead the claims at issue in order to remedy the deficiencies noted in the Order. *Id.* at 14. Corrica filed her amended complaint (Doc. 27) on January 18, 2021, and American Airlines filed its new motion to dismiss (Doc. 28) on January 29, 2021. The Court considers the amended complaint and motion to dismiss below.[2]

## II.

## LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). If a plaintiff's complaint fails to state such a claim, Rule 12(b)(6) allows a defendant to file a motion to dismiss. Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks omitted) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). The Court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (citation omitted).

---

[2] Although Corrica has not responded to American Airlines' new motion to dismiss, the Court granted Corrica an opportunity to amend her complaint and she has already pleaded her best case. Thus, the Court need not wait for her response and may dismiss Corrica's amended complaint on its own motion as well as American Airlines' motion to dismiss. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

To survive a motion to dismiss, a plaintiff "must plead facts sufficient to show that her claim has substantive plausibility." *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). Put differently, she must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* When well-pleaded facts fail to meet this standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (quotation marks and alterations omitted).

### III.

### ANALYSIS

American Airlines again seeks to dismiss three categories of Corrica's claims pursuant to Rule 12(b)(6): (1) her claims under both Title VII and § 1981 "that American Airlines terminated her employment because of her race"; (2) her Title VII and § 1981 claims for hostile work environment; and (3) her Title VII and § 1981 "failure to-hire-claim[s.]" Doc. 28, Def.'s Mot., 7, 12, 15–16. The Court addresses each category of Corrica's claims in turn and dismisses each.

A.     *Corrica Does Not Adequately Allege that American Airlines Terminated Her Employment Because of Her Race.*

Upon review of Corrica's amended complaint, the Court again finds that Corrica fails to adequately plead disparate-treatment race discrimination under Title VII or § 1981. In the Order,

the Court found that Corrica's claim failed because she did not plead facts permitting the reasonable inference that American Airlines terminated Corrica's employment "*because of* her [race]." Doc. 26, Mem. Op. & Order, 7–9 (emphasis in original) (quoting *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013)). In her amended complaint, Corrica pleads no new facts from which such inference can be drawn. *See generally* Doc. 27, Am. Compl.

Again, Corrica points out that she "was the only African American/Black person in her group" and that her fellow employees "were overwhelmingly Caucasian." *Id.* ¶¶ 4–5. Throughout her amended complaint, she highlights the races of various individuals in her office. *See, e.g.*, *id.* ¶¶ 8, 15. She also again alleges hostile behavior towards her from her Caucasian coworkers. *Id.* ¶ 8. However, as the Court explained in the Order, "mere allegations that [Corrica] is of a different race than her coworkers and that her coworkers acted with hostility towards her do not allow the reasonable inference that American Airlines' act of terminating Corrica's employment was racially motivated." Doc. 26, Mem. Op. & Order, 8–9 (citing *France v. Lockheed Martin Corp.*, 2018 WL 10561526, at *3 (N.D. Tex. Oct. 10, 2018); *Estes v. Thrift Town*, 2018 WL 1157787, at *2 (N.D. Tex. Feb. 7, 2018), *R. & R. adopted*, 2018 WL 1122204 (N.D. Tex. Mar. 1, 2018)). Corrica alleges no new facts suggesting that she was terminated because of her race. *See generally* Doc. 27, Am. Compl.

Corrica has thus failed to remedy the defects in her original complaint and has not pleaded a plausible disparate-treatment race discrimination claim under Title VII or § 1981. *See* Doc. 26, Mem. Op. & Order, 7–9. Accordingly, the Court **DISMISSES** Corrica's claims that American Airlines terminated her employment because of her race.

B.      *Corrica Does Not Sufficiently Plead a Hostile-Work-Environment Claim.*

Corrica also fails to remedy the defects in her hostile-work-environment claims. As a preliminary matter and as the Court stated in the Order, a § 1981 hostile-work-environment claim cannot rest on a theory of retaliation for Corrica's sexual-harassment complaint because § 1981 does not prohibit sexual harassment. Doc. 26, Mem. Op. & Order, 11 (citing *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020)). Therefore, any hostile-work-environment claim brought under § 1981 must be based on race. In the Order, the Court found that Corrica "fail[ed] to show that the alleged harassment was racially motivated." *Id.* The Court again finds no allegations in Corrica's amended complaint to draw a reasonable inference that the conduct she complains of was racially motivated. *See generally* Doc. 27, Am. Compl. Instead, Corrica repeatedly suggests that the conduct was in retaliation for the sexual-harassment claim she made against a superior. *See, e.g., id.* ¶¶ 8, 15, 17. Therefore, Corrica fails to sufficiently plead a claim for hostile work environment under § 1981.

Moreover, the Court found that Corrica failed to "adequately allege[] that the harassment" she complained of "was sufficiently severe or pervasive" as to adequately plead a hostile-work-environment claim under either statute. Doc. 26, Mem. Op. & Order, 10. In order to succeed on a claim for hostile work environment, the plaintiff must show that the conduct was "sufficiently severe or pervasive to alter the conditions of the [plaintiff]'s employment and create an abusive working environment." *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002) (citation and quotation marks omitted). Further, the plaintiff must show that the conduct complained of is both objectively and subjectively offensive. *Montgomery-Smith v. George*, 810 F. App'x 252, 258–59 (5th Cir. 2020)

- 5 -

(citation omitted). Objective offensiveness is determined by "consider[ing] the totality of the circumstances, including (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or merely an offensive utterance; and (4) whether it interferes with an employee's work performance. No single factor is determinative." *Id.* at 259 (quotation marks and citation omitted).

In her original complaint, Corrica claimed that her coworkers "heckled, humiliated, and belittled [her] while attempting to set [her] up for failure by hiding important information that [Corrica] needed to do her job." Doc. 1, Compl., ¶ 8. The Court found that, without more information, her allegations of harassment were only conclusory. Doc. 26, Mem. Op. & Order, 10. Although Corrica's amended complaint alleges some new facts as to the harassment she claims to have suffered, the allegations do not amount to conduct so severe or pervasive as to alter the conditions of Corrica's employment and create an abusive working environment. *See Ramsey*, 286 F.3d at 268. In other words, Corrica does not allege facts from which the Court can draw a reasonable inference that the elements of her hostile-work-environment claim are met. *See Iqbal*, 556 U.S. at 678.

Specifically, Corrica's amended complaint states that Corrica "was bullied daily by her coworkers, as they would make fun of her cloth[e]s, her hair or harass in some other manner." Doc. 27, Am. Compl., ¶ 10. However, Corrica does not provide information on what was said or who said it. She alleges that her trainer refused to speak to her and did not tell her "the password into the system," *id.* ¶ 8, but does not state whether this was an ongoing occurrence or a one-time incident. She claims that she was intentionally "given the most junior schedule and most challenging desk,"

*id.* ¶ 12, but does not explain why this action was unwarranted or how it constitutes harassment. She points to an incident in which she claims she was blamed for another's mistake, *id.* ¶ 16, but does not give any more detail as to what happened as a result. Finally, her amended complaint alleges that her coworkers shared a "booking" photograph of Corrica, taken after what she claims was a wrongful arrest. *Id.* ¶ 10.

Even taken as true, these allegations do not give rise to conduct so severe or pervasive as to alter the conditions of Corrica's employment and create an abusive working environment. While this alleged conduct is certainly distasteful, "the Supreme Court has cautioned against reading Title VII as a 'general civility code' that provides remedies for 'the ordinary tribulations of the workplace.' Instead, the Supreme Court has 'made it clear that conduct must be extreme to amount to a change in the terms and conditions of employment.'" *George*, 810 F. App'x at 259 (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)). "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Faragher*, 524 U.S. at 788 (quotation marks and citation omitted); *see also McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 564 (5th Cir. 1998) ("It is a simple fact that in a workplace, some workers will not get along with one another, and this Court will not elevate a few harsh words or 'cold-shouldering' to the level of an actionable offense"). Taking Corrica's allegations as true, the Court again finds that Corrica fails to allege conduct so severe or pervasive as to alter the conditions of her employment and thus create an abusive working environment. *See Ramsey*, 286 F.3d at 268. Accordingly, the Court **DISMISSES** Corrica's hostile-work-environment claims brought under Title VII and § 1981.

C.      *Corrica Fails to Adequately Plead a Failure-to-Hire Claim.*

Lastly, Corrica again fails to adequately plead a failure-to-hire claim under Title VII or § 1981. In the Order, the Court found that Corrica's failure-to-hire claims failed in part because she did not "allege[] enough facts to draw a reasonable inference that she was qualified for the positions for which she applied." Doc. 26, Mem. Op. & Order, 12. This showing is required to succeed on a failure-to-hire claim. *Fuller v. Donahoe*, 2015 WL 12533009, at *2 (N.D. Tex. Mar. 30, 2015) (citing *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1087 (5th Cir. 1994)). However, Corrica's amended complaint does not contain any allegations or facts related to this element that differ from those in her original complaint. *Compare* Doc. 27, Am. Compl., ¶¶ 4–29, *with* Doc. 1, Compl., ¶¶ 4–26.

Additionally, the Court found that Corrica's original complaint lacked "enough facts from which to draw the reasonable inference that Corrica . . . exhausted her administrative remedies" before filing suit—a prerequisite to filing suit under Title VII. Doc. 26, Mem. Op. & Order, 13 (citing *Taylor v. Books A Million*, 296 F.3d 376, 379 (5th Cir. 2002)). In her amended complaint, Corrica fails to provide evidence or even claim that she exhausted her administrative remedies. *See generally* Doc. 27, Am. Compl.

Therefore, Corrica again fails to adequately plead a failure-to-hire claim under Title VII or § 1981 and the Court **DISMISSES** her claims.

IV.

CONCLUSION

For the reasons stated above, the Court **GRANTS** American Airlines' Motion to Partially Dismiss Plaintiff's Amended Complaint (Doc. 28) and **DISMISSES** Corrica's claims for disparate-treatment race discrimination, hostile work environment, and failure to hire **WITH PREJUDICE**.

**SO ORDERED.**

**SIGNED: February 18, 2021.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE