IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OPAL C. CORRICA, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 3:20-cv-00679-B |
| AMERICAN AIRLINES, | § § § | |
| *Defendant.* | § | |

### DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

NOW COMES Defendant American Airlines, Inc. ("**Defendant,**" "**American Airlines**" or the "**Company**"), filing this its Answer to Plaintiff's Amended Complaint (hereafter the "**Complaint**"):

### LIMITED GENERAL DENIAL

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure and subject to its defenses and affirmative defenses set forth herein, Defendant denies all averments contained in the Complaint except the averments expressly admitted below.

### ANSWER

### INTRODUCTION

Defendant admits this is a civil action brought pursuant to Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("**Section 1981**") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("**Title VII**"), but denies any liability thereunder. Defendant admits jurisdiction is proper in this Court, but denies the remaining allegations in the preamble Paragraph of the Complaint.

## VENUE

1. In response to Paragraph 1 of the Complaint Defendant admits that venue is proper in this Court.

## PARTIES

2. Plaintiff fails to allege with particularity what is meant by "At all times material hereto" and "the time period in question" in Paragraph 2 of the Complaint, thus Defendant is without sufficient information to admit or deny such allegations, and therefore denies same. Defendant admits Plaintiff is a United States Citizen, but Defendant is without sufficient information to admit or deny the allegations in Paragraph 2 regarding Plaintiff's residence, and therefore denies same. The legal codes cited by Plaintiff in Paragraph 2 of the Complaint speaks for themselves and no answer is required; to the extent a response is required, Defendant denies same. Defendant admits that it employed Plaintiff from April 27, 2015 through May 24, 2016.

3. Plaintiff fails to allege with particularity what is meant by "At all times material hereto" in Paragraph 3 of the Complaint, thus Defendant is without sufficient information to admit or deny such allegations, and therefore denies same. The legal codes cited by Plaintiff in Paragraph 3 of the Complaint speaks for themselves and no answer is required; to the extent a response is required, Defendant denies same. Defendant admits that it employed Plaintiff. Defendant admits the remaining allegations in Paragraph 3 of the Complaint.

## FACTS

4. Defendant admits that it hired Plaintiff in April 2015 as a Crew Scheduler, that her race is Black, and that she trained and worked in Pittsburgh, Pennsylvania. Defendant denies the remaining allegations in Paragraph 4 of the Complaint.

5. Defendant denies the allegations in Paragraph 5 of the Complaint.

6. Defendant admits that training was ongoing for new hires in its Pittsburgh facility. Defendant admits that, while in Pittsburgh, Plaintiff shadowed George Krohmer ("**Mr. Krohmer**") for on the job training, and that the Company concluded that Mr. Krohmer engaged in inappropriate behavior for which Defendant terminated his employment. Defendant denies the remaining allegations in Paragraph 6 of the Complaint.

7. Defendant admits Plaintiff reported complaints regarding Mr. Krohmer in or around June 2015. Defendant denies the remaining allegations in Paragraph 7 of the Complaint.

8. Defendant admits it initiated an investigation of Plaintiff's complaints regarding Mr. Krohmer in or around June 2015, that Jeanette Gibbs ("**Ms. Gibbs**") and that Steve Holliday attended the interviews, that Ms. Gibbs was a Human Resources Investigator and is a Caucasian female, and that Mr. Holliday was the Director of Crew Resources and is a Caucasian Male. Defendant is without sufficient information to admit or deny the allegations in Paragraph 8 of the Complaint regarding (i) Plaintiff's feelings or (ii) whether a trainer changed a password, and therefore denies same. Defendant denies the remaining allegations in Paragraph 8 of the Complaint.

9. Defendant admits the allegations in Paragraph 9 of the Complaint.

10. Defendant admits that on July 8, 2015, Plaintiff sent an email reporting that "some… employees" had circulated a text message containing a "disparaging" photograph "found on the web" of her that had been taken by police "after being pulled over for speeding. A photograph for which I was neither formally charged or convicted for." Defendant admits that Plaintiff's July 8, 2015 email stated, in part, "Since this complaint has been filed and formal investigation proceeding commenced against Mr. Krohmer, my work environment has deteriorated

and is steadily worsening." Defendant denies the remaining allegations in Paragraph 10 of the Complaint.

11.     Defendant admits that, on July 29, 2015, Plaintiff sent an email that stated, in part, "I have a feeling of being watched, scrutinized, being placed 'under a magnifying glass'. It seems as though since my complaint against Mr. Krohmer has been addressed, I am now under investigation or there may be a campaign to rapidly address (record on paper) any situation whether false or true concerning myself." Defendant denies the remaining allegations in Paragraph 11 of the Complaint.

12.     Defendant admits that, in August 2015, Crew Scheduling was moved from Pittsburg, Pennsylvania to Texas. Defendant further admits that Plaintiff moved to Texas to work at Defendant's new facility. Defendant denies the remaining allegations in Paragraph 12 of the Complaint.

13.     Defendant admits that Ms. Gibbs sent a closing letter to Plaintiff in October 2015 stating that the Company's investigation of Plaintiff's claim had been concluded and the Company had taken actions it deemed necessary. Defendant admits the letter also emphasized the Company did not tolerate retaliation, and that Plaintiff should report any future concerns to her manager or the person to whom he or she reports, or via the toll-free EthicsPoint Helpline. Defendant denies the remaining allegations in Paragraph 13 of the Complaint.

14.     Defendant denies the allegations in Paragraph 14 of the Complaint.

15.     Plaintiff fails to allege with particularity what is meant by "multiple occasions" and "supervisory group" in Paragraph 15 of the Complaint, thus Defendant is without sufficient information to admit or deny such allegations, and therefore denies same. Defendant admits that

Alanna Alexander and Traci Milliner are Caucasian females. Defendant denies the remaining allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant is without sufficient information to admit or deny the allegations in Paragraph 17 of the Complaint, and therefore denies same.

18. Defendant is without sufficient information to admit or deny the allegations in Paragraph 18 of the Complaint regarding the alleged November 9, 2015 email, and therefore denies same. Defendant denies the remaining allegations in Paragraph 18 of the Complaint.

19. The allegations contained in Paragraph 19 concern failure to hire claims that have been dismissed. Accordingly, no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations in Paragraph 19 of the Complaint.

20. The allegations contained in Paragraph 20 concern failure to hire claims that have been dismissed. Accordingly, no responsive pleading is required. To the extent a responsive pleading is required, Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant admits that it withheld Plaintiff from service pending an investigation into her inappropriate workplace behavior and denies the remaining allegations contained in Paragraph 22 of the Complaint.

23. Defendant admits Plaintiff filed her an EEOC Charge of Discrimination on April 21, 2016.

24. Defendant without sufficient information to admit or deny the allegations in Paragraph 24 of the Complaint regarding when Plaintiff received a letter from the EEOC, and

therefore denies same. Defendant denies the remaining allegations in Paragraph 24 of the Complaint.

25. Defendant admits that, as of April 18, 2016, Jacqueline Rios was a Human Resources Director for Defendant. Defendant is without sufficient information to admit or deny the allegations in Paragraph 25 of the Complaint regarding the alleged April 18, 2016 email, and therefore denies same.

26. Defendant admits Plaintiff filed an EEOC Charge of Discrimination against American Airlines Inc. on April 21, 2016.

27. Defendant admits that in May 2016, it terminated Plaintiff's employment and that Plaintiff filed a charge of discrimination on May 31, 2016. Defendant denies the remaining allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant is without sufficient information to admit or deny the allegations in Paragraph 29 of the Complaint regarding "Defendant's actions," and therefore denies same.

## CAUSES OF ACTION

30. Defendant hereby incorporates by reference its answers and responses to the foregoing paragraphs as though fully set forth herein.

**Race, Color Discrimination and Retaliation under Title VII**

31. Defendant states that Plaintiff's claims set forth in Paragraph 31 of the Complaint were dismissed by the Court pursuant to the Court's February 18, 2021 Memorandum Opinion and Order (Doc. 30) (the "**Order**"), therefore no response is required; to the extent a response is required, Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

**Race Discrimination and Retaliation under Section 1981**

34. Defendant states that Plaintiff's claims set forth in Paragraph 34 of the Complaint were dismissed pursuant to the Court's Order, therefore no response is required; to the extent a response is required, Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant states that Plaintiff's claim for hostile work environment under Section 1981 set forth in Paragraph 35 of the Complaint was dismissed pursuant to the Court's Order, therefore no response is required; to the extent a response is required, Defendant denies such allegations. Defendant denies the remaining allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

**DAMAGES**

37. Defendant admits Plaintiff seeks the damages set forth in Paragraph 37 of the Complaint, but Defendant denies that it is liable to Plaintiff under any legal theory or that Plaintiff is entitled to any relief whatsoever in connection with the Complaint.

38. Defendant admits Plaintiff seeks punitive damages, but Defendant denies that it is liable to Plaintiff under any legal theory or that Plaintiff is entitled to any relief whatsoever in connection with the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

**PRAYER FOR RELIEF**

Defendant admits Plaintiff seeks the relief set forth in the final section of the Complaint, including sub-paragraphs i-vii therein, but Defendant denies that it is liable to Plaintiff under any legal theory or that Plaintiff is entitled to any relief whatsoever in connection with the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof Defendant does not otherwise bear, and reserving the right to amend its Answer to assert additional defenses that may become known during the course of these proceedings and as otherwise allowed by the Federal Rules of Civil Procedure and orders of this Court, Defendant asserts the following affirmative and other defenses:

1. Plaintiff is estopped and barred from alleging in this action matters which were not properly alleged or within the scope of charges timely filed with the EEOC.

2. Plaintiff's claims in the Complaint are barred to the extent they involve transactions or events that are outside the applicable statute(s) of limitations.

## RELIEF REQUESTED

WHEREFORE, Defendant American Airlines requests that the Court enter a take-nothing judgment against Plaintiff and her claims, dismissing them with prejudice. Defendant further requests an award of fees and costs reasonably incurred in defending against this action, and for all general and equitable relief to which Defendant is justly entitled.

Respectfully Submitted,

*/s/ Theanna Bezney*
Michael V. Abcarian
Texas Bar No. 00799900
Theanna Bezney
Texas Bar No. 24089243
FISHER & PHILLIPS LLP
500 North Akard, Suite 3550
Dallas, TX  75201
Tel: (214) 220-9100
Fax: (214) 220-9122
*mabcarian@fisherphillips.com*
*tbezney@fisherphillips.com*

Daniel E. Farrington[1]
FISHER & PHILLIPS LLP
7501 Wisconsin Avenue, Suite 1220W
Bethesda, MD  20814
Tel: (301) 951-1538
Fax: (301) 880-5031
*dfarrington@fisherphillips.com*

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of March, 2021, I have electronically filed the foregoing with the Clerk of Court through the CM/ECF document filing system, which sent notification and copies of the filing to all counsel of record:

| | |
|---|---|
| Ashok Bail | Niles Illich, Ph.D., J.D. |
| THE BAIL LAW FIRM, PLLC | SCOTT H. PALMER, P.C. |
| 3120 Southwest Freeway, Suite 450 | 15455 Dallas Parkway, Suite 540 LB 32 |
| Houston, TX  77098 | Addison, TX  75001 |
| *ashok@baillawfirm.com* | *niles@scottpalmerlaw.com* |

*/s/ Theanna Bezney*
Theanna Bezney

---

[1] Mr. Farrington will submit an Application for Admission *Pro Hac Vice*.

**DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**        Page 9 of 9