IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OPAL C. CORRICA, | § § § | |
| *Plaintiff,* | § § | |
| v. | § | CIVIL ACTION NO. 3:20-cv-00679-B |
| AMERICAN AIRLINES, | § § § | |
| *Defendant.* | § § | |

### DEFENDANT'S MOTION FOR ATTORNEYS' FEES

Defendant American Airlines, Inc. ("**Defendant**" or "**American**"), pursuant to this Court's Order dated April 19, 2022 (Doc. 64) (the "**Order**"), respectfully moves this Court for entry of an Order awarding American's attorneys' fees incurred in connection with its Motion to Compel (Doc. #56) (the "**MTC**"). In support of the instant Motion, American shows the following:

### I.  STATEMENT OF RELEVANT FACTS

This is an employment discrimination case. *See generally* Plaintiff's Second Amended Complaint (Doc. #39) (the "**Complaint**"). Plaintiff Opal C. Corrica ("**Plaintiff**" or "**Corrica**") is seeking emotional distress damages and identified Dr. Mion Kazi ("**Dr. Kazi**") as a healthcare provider who "examined or treated [her] for any emotional distress or any other mental health issue [she] claim[s] to have suffered as a result of the allegations set forth in the Complaint." Despite American's repeated efforts to work with Plaintiff's counsel and then the *pro se* Plaintiff, Corrica refused to execute a medical records authorization form to enable American to obtain Dr. Kazi's records. Appendix to Defendant's Motion to Compel (Doc. # 57) ("**MTC App.**") at pp. 5 (Response to Interrogatory No. 6), 6 (Response to Request for Production No. 10).

American moved to compel (Doc. #59), and the Court granted the Motion, awarded attorneys' fees, and directed American to submit this motion to fix such fees. (Doc. #64). In accordance with the Court's Order, American hereby requests an award of its reasonable attorneys' fees in the amount of $3,765.40.

## II.  ARGUMENT AND AUTHORITIES

As recognized by the Court's Order, the Federal Rules provide that "if a motion to compel is granted, the court must order the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both, to pay the movant's reasonable expenses and attorneys' fees incurred in making the motion" unless "(1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (2) the opposing party's nondisclosure, response, or objection was substantially justified; or (3) other circumstances make an award of expenses unjust."  Order at pp. 1-2 (citing FED. R. CIV. P. 37(a)(5)(A)).  The Court held that, under the circumstances, "neither of the statutory exceptions to an award of fees and costs is present." *Id.* at p. 2.

In assessing the reasonableness of attorneys' fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney. *Green v. Administrators of the Tulane Educ. Fund*, 284 F.3d 642, 661 (5th Cir. 2002); *Migis v. Pearle Vision, Inc.*, 135 F.2d 1041, 1047 (5th Cir. 1998); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).

Accompanying the instant Motion are declarations prepared by counsel for American Airlines regarding the fees charged by the attorneys who performed work in connection with the relief requested in the Motion to Compel.  See **Exhibit 1** (Declaration of D. Farrington); **Exhibit 2** (Declaration of T. Bezney).  The declarations set forth factors for reasonableness as discussed in

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). Those factors are: (1) time and labor required; (2) novelty and difficulty of the issues; (3) required skill; (4) whether other employment is precluded; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the attorneys' experience, reputation and ability; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Turning first to the hourly rates of counsel, they are reasonable in the area given counsels' background and experience and in light of the fees claimed in the Northern District of Texas by attorneys with similar experience. *See, e.g.,* Ex. 1 at ¶¶ 6, 8; *see also id.* at Ex. A.

Here, Daniel E. Farrington is a co-Regional Managing Partner for Fisher & Phillips LLP and has extensive experience in labor and employment law—24 years, specifically. *See* Ex. 1 at ¶ 2. The requested fee rates of Mr. Farrington are more than appropriate in light of this experience. *See generally* Ex. 1. Theanna Bezney, an Associate Attorney in Fisher & Phillips's Dallas office, is a 2015 graduate of the University of Texas School of Law and has practiced exclusively in the field of employment law since her graduation, working with nationally known and respected AmLaw 200 law firms. *See* Ex. 2 at ¶¶ 2-3. Her requested hourly rates are below the average hourly rate for an attorney in the Northern District of Texas with her background and experience. *See generally* Ex. 2.

Further, Defendant's counsel has met its obligations with respect to the judiciousness of their billing. Defense counsel spent 5.2 hours (equating to $2,038.20 in fees) in extensive efforts to secure the discovery without having to turn to the Court for assistance, first with Plaintiff's then-counsel and then with the *pro se* Plaintiff herself. When that proved ineffective, counsel spent 4.2 hours (equating to $1,727.20 in fees) researching, drafting, and prosecuting the Motion to Compel.

This time is all recoverable. *See Mercury Luggage Mfg. Co. v. Domain Prot.*, LLC, No. 3:19-CV-1939-M-BN, 2022 WL 254351, at *5 (N.D. Tex. Jan. 27, 2022) (pre-motion to compel time spent conferring with opposing side is "properly included in the amount of attorneys' fees to be awarded in connection with bringing [a] motion to compel").

Finally, the total amount requested of $3,765.40 is in accord with fees awarded in similar cases. *See, e.g.*, *Bridge Tower Dallas Five LLC v. Greystone Home Builders, LLC*, No. 3:16-CV-585-O, 2022 WL 207699, at *7 (N.D. Tex. Jan. 24, 2022) (awarding $3,907.00 incurred in drafting, filing, and prosecuting motion to compel).

### III.   CONCLUSION

For the foregoing reasons, Defendant American Airlines, Inc. respectfully submits that an award of $3,765.40 for attorneys' fees is reasonable under the circumstances and respectfully requests that this Court enter an Order granting same, and Ordering any other relief, in law or equity, to which American may be justly entitled.

Respectfully Submitted,

*/s/ Theanna Bezney*
Michael V. Abcarian
Texas Bar No. 00799900
Theanna Bezney
Texas Bar No. 24110975
FISHER & PHILLIPS LLP
500 N. Akard Street, Suite 3550
Dallas, TX  75201
Tel: (214) 220-9100
Fax: (214) 220-9122
*mabcarian@fisherphillips.com*
*tbezney@fisherphillips.com*

Daniel E. Farrington
*Admitted Pro Hac Vice*
FISHER & PHILLIPS LLP
7501 Wisconsin Avenue, Suite 1220W
Bethesda, MD 20814
Tel: (301) 951-1538
Fax: (301) 880-5031
*dfarrington@fisherphillips.com*

**ATTORNEYS FOR DEFENDANT
AMERICAN AIRLINES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of May, 2022, I have electronically filed the foregoing with the Clerk of Court through the CM/ECF document filing system, which sent notification and copies of the filing to all parties.

*/s/ Theanna Bezney*
Theanna Bezney