IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OPAL C. CORRICA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-cv-00679-B |
| | § | |
| AMERICAN AIRLINES, | § | |
| | § | |
| *Defendant.* | § | |

**DECLARATION OF DANIEL E. FARRINGTON**

I, Daniel E. Farrington, am over the age of eighteen and competent to testify to the following based upon my personal knowledge:

1.      I am of sound mind and capable of making this sworn statement. I have personal knowledge of the facts written in this statement, which are true and correct to the best of my knowledge.

2.      I have been a member of the State Bar of Maryland since 1998 and a member of the Bar of the District of Columbia since 2001.  I am also a member in good standing of the following federal bars: United States Supreme Court; United States Courts of Appeals for the First, Second, Third, Fourth, Fifth, Seventh, Ninth, Tenth and District of Columbia Circuits; United States District Courts for the Districts of Maryland, Colorado, the Northern District of Illinois, and the District of Columbia.

3.      I am the co-Regional Managing Partner of Fisher & Phillips's Washington D.C. Metro offices and have been with the since January 1, 1999.  Prior to that, I practiced with a *Chambers USA*-recognized employment law boutique I founded.  I also practiced in O'Melveny & Myers LLP's Washington, D.C. office and served as in-house employment counsel to the United

EXHIBIT 1

States Senate.  Immediately after law school, I served as a law clerk to the Honorable J. Frederick Motz, then Chief Judge of the United States District Court for the District of Maryland.

4.      I have practiced employment law my entire career.  Fisher & Phillips LLP exclusively represents employers in labor and employment matters.  The Firm has 36 offices and more than 500 attorneys nationwide

5.      In this current matter, I reviewed and revised the Motion to Compel, and provided my legal insight and opinion on the arguments asserted therein.

6.      My discounted billing rate on this matter from the time this case opened through January 2021 was $440.00 per hour, after which date my discounted billing rate for this matter was $472.00 per hour.

7.      These amounts are reasonable and well-within the market rate for other attorneys of comparable experience appearing before the U.S. District Court for the Northern District of Texas.

8.      Specifically, pursuant to the 2021 Attorneys' Fee Hourly Rate Yearbook published by the Texas Employment Lawyers Association, attached hereto as **Exhibit A**, the average billing rate for attorneys appearing before the Northern District of Texas who also graduated in the 1990s is $645.24 per hour.

9.      I spent 1.9 hours, which equates to $820.00, conferring with then-opposing counsel and the *pro se* Plaintiff regarding the discovery deficiency in an effort to secure the discovery without having to move to compel.  In connection with preparing Defendant's Motion to Compel, I spent 1.3 hours developing the legal arguments and revising a draft version of the Motion to Compel, which equates to total fees billed of $613.60.  Thus, the total fees from my time on pre-motion conferring and the motion itself were $1,433.60.

**EXHIBIT 1**

10.     Fisher & Phillips LLP has charged Defendant for all of the fees cited above.  These fees have been paid or will be paid by Defendant in the regular course of business.

11.     As set forth in Defendant's Motion for Attorneys' Fees, the expenses incurred were necessary, reasonable, and customary in order to prosecute this action.

12.     None of the fees sought are duplicative of any other attorney's work on this case.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 2nd day of May, 2022

DANIEL E. FARRINGTON

**EXHIBIT 1**

# 2021 | Attorneys' Fees Hourly Rates



Employment Law

## Yearbook

EXHIBIT
A

# 2021 | Attorneys' Fees Hourly Rates

This collection is drawn from court rulings, jury verdicts, arbitrations, and actual rates billed. Unlike summaries of anonymous surveys, it names the lawyers and cites sources. To compare quantity of experience, it is grouped by ten-year classes—like a yearbook groups classes from seniors to freshmen. It is organized by geographic regions corresponding with the four federal districts in Texas. It accounts for inflation to the end of 2020 via the U.S. Bureau of Labor Statistics' data for legal services. The information is limited to employment law work in Texas.

*Yearbook*

# *Demographics*



# 105,125*

## Texas lawyers

Most are in the Houston and Dallas metropolitan statistical areas—31.99% in the Houston–The Woodlands–Sugar Land MSA and 30.72% in the Dallas–Fort Worth–Arlington MSA.

# 3,228

## Members of the SBOT
## Labor & Employment Law Section

# 655

## Board-certified L&E Specialists

**\* Sources:** State Bar of Texas Membership: Attorney Statistical Profile (2019–20) and State Bar of Texas Attorney Population Density by MSA: 2019–2020.

# "Civil rights laws don't enforce themselves."[1]

By design, they rely on private attorneys general to prosecute violations. Fee shifting is a basic part of making federal and state employment laws work.[2] This collection is intended to show "prevailing market rates in the relevant community" within the meaning of *Blum v. Stenson*, 465 U.S. 886 (1984). The focus here is Texas.

# "Reasonableness is a range, not a point."[3]

The idea is to light the edges, to mark the averages and medians. If an attorney's work is outstanding, a rate setting the top of the range is right; if just above average, then a rate just above the average, etc. Collecting employment law rates here reveals the "customary fee for similar work in the community" and "awards in similar cases."[4] The idea is to help gauge reasonableness.

---

[1] Samuel R. Bagenstos, *Mandatory Pro Bono and Private Attorneys General*, 101 Nw. U. L. Rev. Colloquy 182, 183 (2007).

[2] *See id.* at 187 ("Because the private attorney general system is essential to civil rights enforcement, and fee shifting is the engine that drives the system, judicial rulings regarding the availability of statutory attorneys' fees are likely to have extremely significant effects on the vindication of civil rights in practice."). The legislative history of the Civil Rights Attorney's Fees Awards Act of 1976 has a robust discussion of the private attorneys' general concept, and a compilation of that history is here: https://ufdc.ufl.edu/AA00026686/00001/1.

[3] *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005) (Judge Posner addressing sentencing ranges).

[4] *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 718-19 (5th Cir. 1974) (listing guidelines which include "[t]he customary fee for similar work in the community" and "[a]wards in similar cases"); *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997) ("Factors that a factfinder should consider when determining the reasonableness of a fee include . . . the fee customarily charged in the locality for similar legal services") (omission added).

# Inflation

Alone it accounts for equal buying power for the *same* quality of legal service over time, but not for *improved* quality—through ongoing training, continuing legal education, and experience. Imagine two lawyers who billed at $300/hr. in the year 2000:



**1**

One has continued to practice since 2000—improving her skills as a lawyer over time.

$$???.??/hr.

+ skills improved over twenty years

**3**

It is fair to adjust both lawyers' rate for inflation. After all, $300 had more buying power in 2000 than in 2020. But that will not account for the improved legal skills one lawyer now has compared to the other.

$300.00/hr.   Year 2000   Inflation 94.74%*   Year 2020   $584.23/hr.

\* Source:  https://www.officialdata.org/Legal-services/price-inflation/2000-to-2020?amount=300

no new legal skills   $584.23/hr.

**2**

The other stops practicing in 2000, then resumes in 2020.

# Inflation

## "Legal services priced at $200 in 1990 → $601.69 in 2020"

"According to the U.S. Bureau of Labor Statistics, prices for legal services were **200.85%** higher in **2020** versus **1990** (a $401.69 difference in value)."

"**Between 1990 and 2020,** legal services experienced an average inflation rate of 3.74% per year. This rate of change indicates significant inflation. In other words, legal services costing $200 in the year 1990 would cost $601.69 in 2020 for an equivalent purchase. Compared to the overall inflation rate of 2.30% annually during this same period, inflation for legal services was higher."

Source:  https://www.officialdata.org/Legal-services/price-inflation/1990-to-2020?amount=200

# North Texas





## Classes of the 1970s: The Rates

# Hal K. Gillespie (JD 1972)



# $1,002.41*

# Russell W. Budd (JD 1979)



# $797.71*

# *Classes of the 1970s: The Work*



**\* Hal K. Gillespie (class of '72):** Mr. Gillespie works in Dallas. His online biography states that he "represents individual clients, corporate executives and unions in arbitration, mediation, civil trials, and appeals involving discharge, discrimination, sexual harassment, breach of contract, and employment matters." On September 10, 2012, in a Houston ERISA case, Judge Kenneth Hoyt ruled $825.00 per hour for Mr. Gillespie was both "reasonable and supported" in *Evans v. Sterling Chemicals, Inc.*, No. 4:07-cv-00625 (Doc. 236) at p. 1 (S.D. Tex. Houston) (adopting rate requested in Doc. 234). When adjusted for inflation from the year the court ruled the rate to be reasonable to the end of 2020, using the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics,[1] that rate is $1,002.41. On March 2, 2012, Judge Ken Molberg (now Justice Molberg of the Dallas Court of Appeals) ruled $685.00 per hour was a "reasonable" rate for Mr. Gillespie in a Dallas employment retaliation case. *See Rush Truck Centers of Texas, L.P. v. Fitzgerald*, No. DC-09-15958-D (95th District Court for Dallas County, Texas). Adjusted for inflation as above, that rate is $832.30. On December 27, 2013, Judge Reed O'Connor ruled $685 per hour for Mr. Gillespie was reasonable in a Dallas age discrimination case. *See Miller v. Raytheon Co.*, No. 3:09-cv-440-O (Doc. 226) at p. 16, PageID 5140 (N.D. Tex. Dallas) ("Accordingly, in light of the fee award in *Fitzgerald*, the rates of top partners at Dallas law firms, and Gillespie's skill, experience, and reputation, the Court finds $685 to be a reasonable hourly rate."). Adjusted for inflation as above, that rate is $810.01.

**\* Russell W. Budd (class of '79):** Mr. Budd works in Dallas. On May 8, 2015, Judge Jane Boyle ruled Mr. Budd's requested hourly rate of $700.00 was reasonable in a Dallas FLSA case, *Olibas v. Native Oilfield Servs., LLC*, No. 3:11-cv-2388-B (Doc. 302). Adjusted for inflation as above, that rate is $797.71. On December 8, 2016, Judge Jane Boyle again ruled $700.00 per hour was "reasonable" for Mr. Budd's work in *Aguayo v. Bassem Odeh, Inc.*, No. 3:13-cv-2951-B (Doc. 146) (N.D. Tex. Dallas)—another Dallas FLSA case. Adjusted for inflation as above yields a 2020 rate of $771.66.

---

[1] https://www.officialdata.org/Legal-services/price-inflation.

# *Classes of the 1980s*



# 5 lawyers listed

# $878.91
### average rate

# $894.81
### median rate



# Classes of the 1980s: The Rates



**$1,000.00***

Rogge Dunn (JD 1983)

Charla Aldous (JD 1985)



**$959.78***

**$ $894.81***



Stephen E. Fox (JD 1987)

**$799.22***



Norlynn B. Price (JD 1984)



**$740.73***

Brian P. Sanford (JD 1986)

# *Classes of the 1980s: The Work*



\* Rogge Dunn (class of '83): Mr. Dunn works in Dallas. His online biography notes that he handles employment matters and is a board-certified specialist in labor and employment law. On September 11, 2020, he testified that he regularly charges $1,000.00 per hour for his work. *See* Affidavit of Rogge Dunn in Support of Motion for Default Judgment and Proving Up Attorneys' Fees at p. 4, ¶ 10 in *Rogge Dunn Group, PC v. Gross*, No. CC-20-01746-D (County Court at Law No. 4 for Dallas County, Texas) ("The hourly fee for such work that I regularly charge is $1,000.00 per hour, which in my opinion is reasonable for such work done in Dallas County, Texas.").

\* Charla Aldous (class of '85): Ms. Aldous works in Dallas. On July 27, 2010, Judge Jane Boyle awarded Ms. Aldous a rate of $750.00 per hour in a Dallas employment retaliation case. *See Nassar v. University of Texas Southwestern Medical Center*, No. 3:09-CV-1337 (Doc. 160) at pp. 8–10, PageID 2245–47 (N.D. Tex. Dallas) ("Defendant argues that Dr. Nassar has not met his burden and that the rates requested ($400 per hour for Mr. Walker, $500 per hour for Mr. Lauten, $500 per hour for Ms. Lauten, and $750 per hour for Ms. Aldous) are excessive. . . . In light of the degree of success obtained and the evidence submitted, the Court finds that the lodestar may be calculated using the requested rates, with one exception [applicable to Ms. Lauten].")*, reversed on other grounds*. Adjusted for inflation from the year of this rate award to the end of 2020, using the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics,[1] that rate is $959.78.

\* Stephen E. Fox (class of '87): Mr. Fox works in Dallas, and his online biography notes that he is a partner in his firm's Labor and Employment practice group. In 2009, he noted in a fee agreement—in which he was engaged to work in a breach of compensation agreement case filed in Austin by an employee—that his standard hourly rate was $675. *See* Fee Agreement dated February 19, 2009 (attached to Declaration of William T. Jacks) in *Garriott v.*

---

[1] https://www.officialdata.org/Legal-services/price-inflation.

*NCsoft Corp.*, No. 1:09-cv-00357 (Doc. 182-4) at p. 4, n. 2 (W.D. Tex. Austin) ("For example, my standard rate is $675/hr."). Adjusting for inflation from the year of this fee agreement gives a rate of $894.81.

\* Norlynn B. Price (class of '84): Ms. Price previously worked in Dallas. In 2016, in a Dallas FLSA case, she billed at $725.00 per hour. *See* Declaration of Danielle Alexis Matthews in *Areizaga v. ADW Corp.*, No. 3:14-cv-2899 (Docs. 94-1 & 94-2) (N.D. Tex. Dallas). *See generally* Brief in Support of ADW Corporation's Motion to Dismiss Plaintiff's Original Complaint (Doc. 7) (discussing nature of the case). Attached to Ms. Matthews's declaration are law firm billing records including an invoice dated February 10, 2016 (Doc. 94-2 at p. 6, PageID 1057), which lists Ms. Price's mentioned billing rate. Adjusting for inflation as above gives a rate of $799.22.

\* Brian P. Sanford (class of '86): Mr. Sanford works in Dallas and specializes in employment law. On December 28, 2015, Judge Barbara M. G. Lynn awarded $650.00 per hour for Mr. Sanford's time in *Kostić v. Texas A&M Univ.–Commerce*, No. 3:10-cv-02265-M (Doc. 281) (N.D. Tex. Dallas) (accepting Magistrate Judge David L. Horan's recommendation)—a Dallas employment retaliation case he tried to a jury. Adjusting for inflation as above gives a rate of $740.73. On November 15, 2018, Judge Mark Greenberg ruled in a bench trial on fees that Mr. Sanford's requested rate of $725.00 per hour was reasonable for work he did in *Carpenter v. Southwest Housing Dev. Co., Inc.*, Cause No. CC-08-2072-E (Dallas County Court at Law No. 5) (read into record at trial on fees)—a Dallas unlawful employment practices case involving refusal to pay earned compensation. Judge Greenberg then applied a 1.5 multiplier to fees. Even without considering the multiplier, this $725.00 rate, as adjusted for inflation, results in a 2020 equivalent rate of $740.01. On May 30, 2017, Judge Ken Molberg (now Justice Molberg of the Dallas Court of Appeals) awarded Mr. Sanford $685.00 per hour for his work in trying *Clark v. Everlight Americas, Inc.*, No. DC-15-05538 (95th District Court for Dallas County, Texas)—a Dallas employment discrimination and retaliation case. Adjusted for inflation as above yields an hourly rate of $729.16.

# *Classes of the 1990s*



## 24 lawyers listed

## $645.24 average rate

## $557.00 median rate



# *Classes of the 1990s: The Rates*









**$1,070.00***

John E.
Fitzsimmons
(JD 1995)

**$1,040.00***

Cathryn Le
Regulski
(JD 1999)

**$907.77***

Jennifer M.
Trulock
(JD 1997)

**$867.59***

Marc D.
Katz
(JD 1994)

**$805.81***

Joel M.
Fineberg
(JD 1991)

**$771.74***

Ann Marie
Arcadi
(JD 1993)

**$768.62***

Matthew R.
Scott
(JD 1995)

**$762.24***

Kelly D.
Hine
(JD 1997)







**$619.85***

Richard E.
Norman
(JD 1993)

**$585.33***

J. Derek
Braziel
(JD 1995)

**$569.22***

Kevin M.
Duddlesten
(JD 1994)

**$54.09***

Robert E.
Knight, Jr.
(JD 1992)

**$549.91***

Trey
Branham
(JD 1999)

**$49.91***

Jeffrey
Goldbarb
(JD 1994)

**$545.68***

Robert G.
"Bobby" Lee
(JD 1993)

**$26.91***

Michael A.
McCabe
(JD 1990)









**$526.91***

David
Wi
(JD 19

**$526.91***

Amy
Gibs
(JD 19

**$512.81***

Barry
He
(JD 19

**$504.44***

Ja
Sm
(JD 19

**$500.30***

Howard
Steele,
(JD 19

**$498.00***

Peter
Milia
(JD 19

**$455.83***

Douglas
Welma
(JD 19

**$455.83***

Da
Langenf
(JD 19

# Classes of the 1990s: The Work



* **John E. Fitzsimmons (class of '9** online biography states that he "concentrates in defense of employers in wrongful termination, employment discrimination, harassment, retaliation and other employment-related litigation in state and federal courts." Though based in California, Mr. Fitsimmons billed the rate of $1,070.00 for employment work done in a Dallas bankruptcy case. *See* Exhibit D [Summary of Hourly Fees by Professionals and Paraprofessionals] and Exhibit G [Invoices for the Compensation Period] attached to First and Final Application of DLA Piper LLP (US) for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Counsel to the Debtors for (I) the Period from July 5, 2020 through October 1, 2020; and (II) the Post-Effective Date Period, filed in *In re: Trivascular Sales LLC*, No. 20-31840 (Doc. 436-4) at p. 2 and (Doc. 436-7) at pp. 140–43, 172 (Bankr. N.D. Tex. Dallas) (Oct. 31, 2020) (for work such as "Strategize regarding employee complaint, departing HR employee, and potential internal investigation; exchange correspondence with Susan Hanstad regarding same; review anonymous complaint and outline questions for more specific information; review IM communications with departing HR employee and strategize regarding same; review employee handbook regarding relevant policies."). The Court approved the fee request with a Trustee stipulated reduction. *See* (Docs. 454 & 458).

* **Cathryn Le Regulski (class of '99):** Ms. Regulski's online biography states that she "counsels management on employment law compliance issues." Though based in Virginia, she billed the rate of $1,040.00 for employment work done in a Dallas bankruptcy case. *See* Exhibit D [Summary of Hourly Fees by Professionals and Paraprofessionals] and Exhibit G [Invoices for the Compensation Period] attached to First and Final Application of DLA Piper LLP (US) for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Counsel to the Debtors for (I) the Period from July 5, 2020 through October 1, 2020; and (II) the Post-Effective Date Period, filed in *In re: Trivascular Sales LLC*, No. 20-31840 (Doc. 436-4) at p. 2 and (Doc. 436-7) at pp. 72–73, 121 (N.D. Tex. Bankruptcy) (Oct. 31, 2020) (for work such as "Email correspondence with Reyna Fernandez regarding leave issues" and "Teleconference with Reyna Fernandez and Steffanie Cook regarding leave and job protection"

and "Review and analyze noncompete agreement for Kevin Cofran and prior communications regarding same (0.2); teleconference with Steffanie Cook regarding cease and desist letters (0.2); attention to drafting of cease and desist letters (0.2)"), fee request approved with Trustee stipulated reduction in (Docs. 454 & 458).

\* **Jennifer M. Trulock (class of '97):** Ms. Trulock works in Dallas and her online biography states that she "counsels companies on how to manage workplace legal issues, conduct investigations into employee misconduct, and prevent employment lawsuits." She billed for employment work in a Houston bankruptcy case. *See* Cover Sheet to First Interim Fee Application of Baker Botts L.L.P., Co-counsel to the Debtors, for Allowance and Payment of Compensation for Services Rendered and Reimbursement of Expenses Incurred for the Period May 11, 2019 through July 31, 2019, filed in *In re: Bristow Group Inc.*, No. 19-3271 (Doc. 878) at p. 8, (Doc. 878-3) at p. 1, (Doc. 878-5) at Exhibit 5-V, pp. 452–53 (Bankr. S.D. Tex. Houston) (August 21, 2019) (for work on "Labor Issues" such as "Review charge and discuss with M. Wersebe" and "provide advice for response to employee's attorney"). For that work, the rate on her firm's invoice dated August 21, 2019, is listed as $898.00 per hour. *See id.* at Doc. 878-5 at pp. 452–53. The court approved the request for fees. *See id.* at Doc. 930 (Dec. 6, 2019). Adjusted for inflation from the year of this invoice to the end of 2020, using the Consumer Price Index for Legal Services as generated by the U.S. Bureau of Labor Statistics,[1] that rate is $907.77 per hour.

\* **Marc D. Katz (class of '94):** Mr. Katz works in Dallas and his online biography says he handles "all types of employment disputes." He billed for work on a motion to dismiss in an alleged theft of trade secrets case in Dallas involving former employees of a company, in *Medoc Health Servs., LLC v. Nguyen*, No. DC-18-0822 (14th District Court for Dallas County, Texas). An invoice dated March 23, 2018, lists his rate as $850.00 per hour. *See* Exhibit C attached to Plaintiff's Motion for Attorneys' Fees, filed on November 20, 2020, at p. 55. Adjusting for inflation from the year of this invoice above yields a rate of $867.59.

\* **Joel M. Fineberg (class of '91):** Mr. Fineberg works in Dallas. On August 4, 2011, Judge Royal Furgeson determined that the rate of $650.00 per hour was a reasonable one for work Mr. Fineberg did in a Dallas FLSA case. *See Spence v. Irving Holdings, Inc.*, No. 3:10-cv-142-F (Doc. 201) at p. 4, PageID 2414 (N.D. Tex. Dallas) ("Based on documentation provided by the parties, the number of hours worked by Plaintiffs' counsel and personnel, which is

---

[1] https://www.officialdata.org/Legal-services/price-inflation.

not disputed, amounts to over 2,250 hours, including 500 hours at a $650/hour rate by Joel Fineberg; . . . . The Court finds these rates to be reasonable and consistent with hourly rates charged by comparable attorneys in the community for similar work."). Adjusting for inflation as above gives a rate of $805.81.

\* **Ann Marie Arcadi (class of '93):** Ms. Arcadi works in Dallas and her online biography lists a broad array of employment law matters she handles. On August 2, 2017, in an employment discrimination case in Houston, Ms. Arcadi testified that her rate for work in that case was $725.00 per hour. *See* Affidavit of Ann Marie Arcadi in *Lyde v. The Boeing Co.*, No. 4:16-cv-3293 (Doc. 16-4) at p. 2 (S.D. Tex. Houston) ("My billing rate for this case was $725.00 per hour"). Adjusting for inflation as above gives a rate of $771.74.

\* **Matthew R. Scott (class of '95):** Mr. Scott works in Dallas and his online biography notes he is a board-certified labor and employment law specialist who tries cases for employees. On December 4, 2013, in an employment discrimination case, Mr. Scott testified that his standard billing rate was $650.00 per hour. *See* Declaration of Matthew R. Scott in *Ratra v. Dean Foods Co.*, No. 3:12-cv-1854 (Doc. 85-1) at p. 3 ¶ 25, PageID 2170 (N.D. Tex. Dallas) ("my standard hourly billing rate today at KLG is $650"). Adjusted for inflation as above, that rate is $768.62. On January 30, 2015, in an employment discrimination case, Mr. Scott also testified that his standard billing rate was $650.00 per hour. *See* Declaration of Matthew R. Scott in *Patton v. ADESA Texas, Inc.*, No. 3:14-cv-3692 (Doc. 30-1) at p. 2 ¶ 22, PageID 1108 (N.D. Tex. Dallas) ("My standard hourly billing rate at KLG is $650, and that has been my billing rate since June 2012")—adjusting for inflation as above yields an hourly rate of $740.73. On January 16, 2014, Judge Phyllis Lister Brown ruled that $600.00 per hour was a "reasonable" rate for Mr. Scott in *Green v. Dallas County Schools*, No. DC-12-09857 (162d District Court for Dallas County, Texas), a disability discrimination in employment case. Adjusting for inflation as above yields a rate of $694.63 per hour.

\* **Kelly D. Hine (class of '97):** Mr. Hine works in Dallas, and in 2009, his client agreed to pay his firm $575.00 per hour—a discount from his unstated standard rate—for work in a breach of compensation agreement case filed in Austin by an employee. *See* Fee Agreement dated February 19, 2009 (attached to Declaration of William T. Jacks) in *Garriott v. NCsoft Corp.*, No. 1:09-cv-00357 (Doc. 182-4) at p. 4, n. 2 (W.D. Tex. Austin) ("$575/hr. for Kelly's services" and "Please note that these rates are discounted from our standard rates"). Adjusting for inflation as above from the year of this fee agreement (2009) gives a rate of $762.24.

**\* Richard E. Norman (class of '93):** Mr. Norman works in Houston. On August 4, 2011, Judge Royal Furgeson determined the rate of $500.00 per hour was a reasonable one for work Mr. Norman did in a Dallas FLSA case. *See Spence v. Irving Holdings, Inc.*, No. 3:10-cv-142-F (Doc. 201) at p. 4, PageID 2414 (N.D. Tex. Dallas) ("Based on documentation provided by the parties, the number of hours worked by Plaintiffs' counsel and personnel, which is not disputed, amounts to over 2,250 hours, including . . . ; 284.1 hours at a $500/hour rate by Richard Norman. . . . The Court finds these rates to be reasonable and consistent with hourly rates charged by comparable attorneys in the community for similar work."). Adjusting for inflation as above yields a rate of $619.85.

**\* J. Derek Braziel (class of '95):** J. Derek Braziel works in Dallas. On February 28, 2013, Judge Jane Boyle ruled that $495.00 per hour was "reasonable" and "warranted" for J. Derek Braziel in a Dallas FLSA case, *Owens v. Marstek, LLC*, No. 3:11-cv-01435-B (Doc. 26) (N.D. Tex. Dallas) (adopting fees requested in Doc. 24). Adjusting for inflation as above gives a rate of $585.33. On February 20, 2014, Magistrate Judge David L. Horan ruled that $495.00 per hour was "reasonable" for Mr. Braziel and "within the market rate for attorneys handling this type of litigation in the Dallas area" in *Farasat v. RP Managing Partners, LLC*, No. 3:13-cv-00270-L (Doc. 46) (N.D. Tex. Dallas)—an FLSA case. Adjusting for inflation as above yields an hourly rate of $573.07. On October 21, 2015, Judge David Hittner ruled that $495.00 per hour was "reasonable" in *Gingrass v. TMG (The Moore Group, Inc.)*, No. 4:15-cv-00837 (Doc. 18) (S.D. Tex. Houston) (adopting rate requested in Doc. 13)—an FLSA case. Adjusting for inflation as above gives an hourly rate of $564.09.

**\* Kevin M. Duddlesten (class of '94):** Mr. Duddlesten works in Dallas and was a partner in his firm's labor and employment department. In a Dallas intellectual property case, *United States Green Building Council v. Wardell*, No. 3:14-cv-1541 (N.D. Tex. Dallas), he billed for work on a default judgment issue. *See, e.g., id.* Doc. 52-7 at p. 17 ("Review motion for entry of default and supporting papers and briefly confer with A. Pickell regarding same."). The invoice for that work is dated October 8, 2015. *See id.* Doc. 52-7 Exhibit E pp. 1–25. The invoice lists his rate as $499.50. *See id.* Doc. 52-7 at p. 24, PageID 426. Adjusting for inflation from the year of this invoice (2015) as above yields a rate of $569.22.

**\* Robert E. McKnight, Jr. (class of '92):** Mr. McKnight's online biography notes that he practices in the areas of labor and employment law. Though he is based in Victoria, Texas, on December 28, 2015, Judge Barbara M. G. Lynn awarded $495.00 per hour for Mr. McKnight's time working

on attorneys' fees issues in a Dallas employment retaliation case, *Kostić v. Texas A&M Univ.–Commerce*, No. 3:10-cv-02265-M (Doc. 281) (N.D. Tex. Dallas) (accepting Magistrate Judge David L. Horan's recommendation). Adjusting for inflation as above gives an hourly rate of $564.09.

\* **Trey Branham (class of '99):** Mr. Branham works in Dallas. On April 9, 2014, Judge Jorge Solis found a rate of $475.00 per hour was "reasonable for this locality" for the work Mr. Branham did in prosecuting a Dallas FLSA case. *See Parker v. ABC Debt Relief, Ltd.,* No. 3:10-cv-1332-P (Doc. 241) at p. 4, PageID 7059 (N.D. Tex. Dallas) ("Plaintiffs also request that attorneys Branham and Jeffrey Goldfarb be compensated at an hourly rate of $475, . . . . The Court finds that the hourly rates requested by Plaintiffs are reasonable for this locality."). Adjusting for inflation as above yields an hourly rate of $549.91.

\* **Jeffrey Goldfarb (class of '94):** Mr. Goldfarb works in Dallas. On April 9, 2014, Judge Jorge Solis found a rate of $475.00 per hour was "reasonable for this locality" for the work Mr. Goldfarb did in prosecuting a Dallas FLSA case. *See Parker v. ABC Debt Relief, Ltd.,* No. 3:10-cv-1332-P (Doc. 241) at p. 4, PageID 7059 (N.D. Tex. Dallas) ("Plaintiffs also request that attorneys Branham and Jeffrey Goldfarb be compensated at an hourly rate of $475, . . . . The Court finds that the hourly rates requested by Plaintiffs are reasonable for this locality."). Adjusting for inflation as above yields an hourly rate of $549.91.

\* **Robert G. "Bobby" Lee (class of '93):** Though he now works in Houston, Mr. Lee, a board-certified labor and employment law specialist, previously worked in North Texas. On June 14, 2016, Judge Reed O'Connor found a rate of $495.00 per hour for Mr. Lee's work in prosecuting a Fort Worth employment discrimination and retaliation case was "reasonable given the community standards" and Mr. Lee's experience. *See Calahan v. BMJ Food Corp.*, No. 4:15-cv-00251-O (Doc. 29) at p.12, PageID 177 (N.D. Tex. Fort Worth) ("Plaintiff's attorney suggests that associate Megan Leigh Dixon rate of $295 dollars an hour and Robert G. Lee's rate at $495 an hour are reasonable hourly rates. . . . The Court finds that Plaintiff's rates are reasonable given the community standards and Dixon and Lee's experience."). Adjusting for inflation as above gives an hourly rate of $545.68.

\* **Michael A. McCabe (class of '98):** Mr. McCabe's online biography shows he works in Dallas and is a board-certified labor and employment law specialist. An invoice from his firm for some commercial litigation shows his rate was $495.00 per hour in 2017. *See* Firm invoice dated May 23,

2017, attached to Declaration of Michael A. McCabe accompanying motion for award of fees filed on July 27, 2018, at pp. 284–87, in *Valtech Servs., Inc. v. Cornerstone Staffing Solutions, Inc.*, No. DC-16-10346 (116th Judicial District Court for Dallas County, Texas). Adjusting for inflation as above gives an hourly rate of $526.91.

* **David L. Wiley (class of '96):** Mr. Wiley works in Dallas and focuses his practice on employment law. On May 30, 2017, Judge Ken Molberg (now Justice Molberg of the Dallas Court of Appeals) awarded Mr. Wiley $495.00 per hour for his work in helping select a jury in *Clark v. Everlight Americas, Inc.*, No. DC-15-05538 (95th District Court for Dallas County, Texas)—a Dallas employment discrimination and retaliation case. Adjusting for inflation as above yields an hourly rate of $526.91. On December 28, 2015, Judge Barbara M. G. Lynn awarded $450.00 per hour for Mr. Wiley's time in helping select a jury in *Kostić v. Texas A&M Univ.–Commerce*, No. 3:10-cv-02265-M (Doc. 281) (N.D. Tex. Dallas) (accepting Magistrate Judge David L. Horan's recommendation)—a North Texas employment retaliation case. Adjusting for inflation as above gives an hourly rate of $512.81. On December 13, 2019, a Taylor County jury in Abilene, Texas, awarded Mr. Wiley $500.00 per hour for his work in prosecuting *Chad Carter v. City of Abilene, Texas*, No. 10138-D (350th Judicial District Court for Taylor County, Texas)—an Abilene whistleblower case. Adjusting for inflation as above yields an hourly rate of $505.44. On November 15, 2018, Judge Mark Greenberg ruled in a bench trial on fees that Mr. Wiley's requested rate of $495.00 per hour was reasonable for his work in prosecuting *Carpenter v. Southwest Housing Dev. Co., Inc.*, Cause No. CC-08-2072-E (Dallas County Court at Law No. 5) (read into record at trial on fees)—a Dallas unlawful employment practices case involving refusal to pay earned compensation. Judge Greenberg then applied a 1.5 multiplier to fees. Adjusting for inflation as above of only the $495.00 per hour rate (i.e., without the 1.5 multiplier) gives an hourly rate of $505.25.

* **Amy E. Gibson (class of '95):** Ms. Gibson works in Dallas and focuses her practice on employment law. On May 30, 2017, Judge Ken Molberg (now Justice Molberg of the Dallas Court of Appeals) awarded Ms. Gibson $495.00 per hour for her work in helping select a jury in *Clark v. Everlight Americas, Inc.*, No. DC-15-05538 (95th District Court for Dallas County, Texas)—a Dallas employment discrimination and retaliation case. Adjusting for inflation as above yields an hourly rate of $526.91. On December 28, 2015, Judge Barbara M. G. Lynn awarded $450.00 per hour for Ms. Gibson's time in helping select a jury in *Kostić v. Texas A&M Univ.–Commerce*, No. 3:10-cv-02265-M (Doc. 281) (N.D. Tex. Dallas) (accepting Magistrate Judge David L. Horan's recommendation)—a North Texas employment retaliation case. Adjusting for inflation as above gives an hourly rate of $512.81. On December 13,

2019, a Taylor County jury in Abilene, Texas, awarded Ms. Gibson $500.00 per hour for her work as lead counsel in prosecuting *Chad Carter v. City of Abilene, Texas*, No. 10138-D (350th Judicial District Court for Taylor County, Texas)—an Abilene whistleblower case. Adjusting for inflation as above yields an hourly rate of $505.44. On November 15, 2018, Judge Mark Greenberg ruled in a bench trial on fees that Ms. Gibson's requested rate of $495.00 per hour was reasonable for her work as lead counsel prosecuting *Carpenter v. Southwest Housing Dev. Co., Inc.*, Cause No. CC-08-2072-E (Dallas County Court at Law No. 5) (read into record at trial on fees)—a Dallas unlawful employment practices case involving refusal to pay earned compensation. Judge Greenberg then applied a 1.5 multiplier to fees. Adjusting for inflation as above of only the $495.00 per hour rate (i.e., without the 1.5 multiplier) gives an hourly rate of $505.25.

\* Barry S. Hersh (class of '98): Mr. Hersh's online biography notes that he is an employment lawyer who works in Dallas. On December 28, 2015, Judge Barbara M. G. Lynn awarded $450.00 per hour for Mr. Hersh's time working on jury selection and a mock trial in helping prosecute a Dallas employment retaliation case, *Kostić v. Texas A&M Univ.–Commerce*, No. 3:10-cv-02265-M (Doc. 281) (N.D. Tex. Dallas) (accepting Magistrate Judge David L. Horan's recommendation). Adjusting for inflation as above yields an hourly rate of $512.81.

\* Jason Smith (class of '92): Mr. Smith's online biography notes he is a Fort Worth attorney who brings lawsuits on behalf of employees against former employers. On July 23, 2019, Judge Dale Tillery ruled that $500.00 per hour was a "reasonable" hourly fee for his work in prosecuting a Dallas employment retaliation case. *See* Findings of Facts and Conclusions of Law in *Benavides v. Macy's Retail Holdings, Inc.*, No. DC-18-10796 (134th Judicial District Court for Dallas County, Texas). Adjusting for inflation as above yields an hourly rate of $505.44.

\* Howard L. Steele, Jr. (class of '96): Mr. Steele's online biography shows he works in Houston and practices labor and employment law. On March 8, 2017, Judge Reed O'Connor ruled $470.00 per hour was a "reasonable" rate for Mr. Steele's work in an FLSA case in Fort Worth. *See Pereyra v. Navika Capital Group LLC*, No. 4:15-CV-00615-O (Doc. 83) at p. 4, PageID 3298 (N.D. Tex. Fort Worth) ("In connection with their work performed in the Western District case and this instant case Pereyra seeks hourly rates of $470.00 for partner Howard Steele; . . . . The Court finds that these rates are reasonable."). Adjusting for inflation as above yields an hourly rate of $500.30.

\* **Peter A. Milianti (class of '97):** Mr. Milianti's online biography notes his practice focuses on labor and employment litigation. Though Mr. Milianti is based in Chicago, on December 23, 2015, Magistrate Judge David Horan found $437.00 per hour was within a reasonable range for Mr. Milianti's work in a Dallas employment discrimination case. *See McAfee v. Schneider Nat'l Carriers, Inc.*, No. 3:14-cv-1500-P (Doc. 52) at p. 12, PageID 200 (N.D. Tex. Dallas) ("The Court finds Mr. Milianti's $437.00 hourly rate to be within the proper range for the prevailing market rate in this legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation"). Adjusting for inflation as above yields an hourly rate of $498.00.

\* **Douglas B. Welmaker (class of '93):** Mr. Welmaker is based in Austin and his online biography notes that for the past ten years he has limited his practice to FLSA cases. In 2015, in three different FLSA cases, judges in Dallas ruled $400.00 per hour was a reasonable rate for his work. *See Mauricio v. Phillip Gaylen, P.C.*, No. 3:14-cv-00064-L (Doc. 41) (N.D. Tex. Dallas Dec. 3, 2015) (Magistrate Judge Irma Ramirez), *report and recommendation adopted in* (Doc. 44), 2016 WL 1273337, 2016 Wage & Hour Cas. 2d (BNA) 99,007 (N.D. Tex. Dallas Mar. 30, 2016) (Judge Sam A. Lindsay); *Henderson v. Fenwick Protection Inc.*, No. 3:14-cv-00505 (Doc. 56) (N.D. Tex. Dallas Nov. 23, 2015) (Magistrate Judge David L. Horan) *report and recommendation adopted in* (Doc. 58) (N.D. Tex. Dallas Dec. 28, 2015) (Judge Barbara M. G. Lynn); *Robinson v. Nexion Health at Terrell, Inc.*, No. 3:12-cv-03853-L-BK (Doc. 56) (N.D. Tex. Dallas Feb. 11, 2015) (Magistrate Judge Renee Harris Toliver), *report and recommendation rejected on other grounds* (Doc. 57). Adjusting for inflation as above from the year 2015 gives an hourly rate of $455.83.

\* **David Langenfeld (class of '92):** Mr. Langenfeld is based in Austin and his online biography notes he is a board-certified labor and employment law specialist. In 2015, Magistrate Judge Irma Ramirez recommended he receive $400.00 per hour for his work in prosecuting an FLSA case in Dallas, and Judge Sam A. Lindsay approved that recommendation. *See Mauricio v. Phillip Gaylen, P.C.*, No. 3:14-cv-00064-L (Doc. 41) (N.D. Tex. Dallas Dec. 3, 2015) (Magistrate Judge Irma Ramirez), *report and recommendation adopted in* (Doc. 44), 2016 WL 1273337, 2016 Wage & Hour Cas. 2d (BNA) 99,007 (N.D. Tex. Dallas Mar. 30, 2016) (Judge Sam A. Lindsay). Adjusting for inflation as above from the year 2015 gives an hourly rate of $455.83.

## Classes of the 2000s



# 25 lawyers listed

# $550.56 average rate

# $463.97 median rate



# Classes of the 2000s: The Rates

 $808.70*

 $455.83*

 $783.43*
Isabel A. Crosby (JD 2005)

$455.64*
James D. Sanford (JD 2005



 $748.05*

$454.89*



 $748.05*

$454.89*



 $743.82*
Stuart L. Cochran (JD 2000)

$454.89*
Christine Hopkins (JD 2005



$722.06*

$450.00*

 $643.87*

$437.37*



 $639.85*
Brian Lauten (JD 2001)

$429.62*
Gavin S. Martinson (JD 2005



 $611.82*

$421.61*



 $561.49*

$405.20*

 $546.77*

$405.20*

 $511.88*
Brent Walker (JD 2004)

$405.20*
Jamie J. McKey (JD 2006



 $463.97*

## Classes of the 2000s: The Work



\* **Crystal Jamison Woods (class of '09):** Ms. Woods works in Dallas and her online biography states that she "has a diverse legal practice involving labor and employment . . . with a primary focus on litigating disputes and counseling on matters implicating trade secrets, restrictive covenants and fiduciary duties." She billed for work in a Dallas bankruptcy case. *See* Summary of Combined Third Interim and Final Application of DLA Piper LLP (US) for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Counsel to the Debtors and Debtors in Possession for the Interim Period from September 1, 2018 through February 13, 2019 and the final period from March 6, 2018 through February 13, 2019, filed in *In re: 4 West Holdings, Inc.*, No. 18-30777 (Doc. 1429) at pp. 9, 69, 72, 74, 88, 149, 166 (Bankr. N.D. Tex. Dallas) (for work such as "evaluate and advise on dispute relating to deposition location," "attention to issues relating to motion to compel," "assist with deposition preparations," "assist with hearing preparation," "attention to case status and anticipated litigation needs"). For that work, the rate on her firm's invoices dated February 6, 2019, and February 7, 2019, is listed as $800.00 per hour. *See id.* at pp. 5, 9, 88, 166. The court approved the request for fees. *See id.* at Doc. 1485 (May 2, 2019). Adjusted for inflation from the year of these invoices (2019) to the end of 2020, using the Consumer Price Index for Legal Services as generated by the U.S. Bureau of Labor Statistics,[1] that rate is $808.70 per hour. She billed for work in an alleged theft of trade secrets case in Dallas involving former employees of a company, in *Medoc Health Servs., LLC v. Nguyen*, No. DC-18-0822 (14th District Court for Dallas County, Texas). An invoice dated March 23, 2018, lists her rate as $685.00 per hour. *See* Exhibit C attached to Plaintiff's Motion for Attorneys' Fees in that case filed on November 20, 2020, at p. 55. Adjusting for inflation from the year of this invoice (2018) as above yields a rate of $699.18.

\* **Isabel A. Crosby (class of '05):** Ms. Crosby works in Dallas and her prior online biography says she "works closely with employers at all stages of the employment relationship." She billed for work on an alleged theft

---

[1] https://www.officialdata.org/Legal-services/price-inflation.

of trade secrets case in Dallas involving former employees of a company, in *Medoc Health Servs., LLC v. Nguyen*, No. DC-18-0822 (14th District Court for Dallas County, Texas). An invoice dated March 7, 2019, lists her rate as $775.00 per hour. *See* Exhibit C attached to Plaintiff's Motion for Attorneys' Fees in that case filed on November 20, 2020, at p. 138. Adjusting for inflation from the year of this invoice (2019) as above yields a rate of $783.43.

* **Micala Bernardo (class of '07):** Ms. Bernardo works in Dallas and her online biography states that her "practice focuses on counseling clients on labor and employment matters . . . brought by individuals or on a class-wide basis." She billed for work in a Dallas bankruptcy case. *See* Summary of Combined Third Interim and Final Application of DLA Piper LLP (US) for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Counsel to the Debtors and Debtors in Possession for the Interim Period from September 1, 2018 through February 13, 2019 and the final period from March 6, 2018 through February 13, 2019, filed in *In re: 4 West Holdings, Inc.*, No. 18-30777 (Doc. 1429) at pp. 6, 181, 191 (Bankr. N.D. Tex. Dallas) (for work such as "attention to review of exhibits for deposition"). For that work, the rate on her firm's invoice dated March 25, 2019, is listed as $740.00 per hour. *See id.* at p. 191. The court approved the request for fees. *See id.* at Doc. 1485 (May 2, 2019). Adjusting for inflation from the year of this invoice (2019) as above yields a rate of $748.05.

* **Michael W. Massiatte (class of '00):** Mr. Massiatte works in Dallas and his online biography states that he "focuses his practice on labor and employment matters[.]" He billed for work in a Dallas bankruptcy case. *See* Summary of Combined Third Interim and Final Application of DLA Piper LLP (US) for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Counsel to the Debtors and Debtors in Possession for the Interim Period from September 1, 2018 through February 13, 2019 and the final period from March 6, 2018 through February 13, 2019, filed in *In re: 4 West Holdings, Inc.*, No. 18-30777 (Doc. 1429) at p. 9 (Bankr. N.D. Tex. Dallas). For that work, the firm lists his rate as $740 per hour in a 2019 filing. The court approved the request for fees. *See id.* at Doc. 1485 (May 2, 2019). Adjusting for inflation from the year of this invoice (2019) as above yields a rate of $748.05.

* **Stuart L. Cochran (class of '00):** Mr. Cochran works in Dallas. On August 4, 2011, Judge Royal Furgeson determined the rate of $600.00 per hour was a reasonable one for work Mr. Cochran did in a Dallas FLSA case. *See Spence v. Irving Holdings, Inc.*, No. 3:10-cv-142-F (Doc. 201) at p. 4, PageID 2414 (N.D. Tex. Dallas) ("Based on documentation provided by the parties, the

number of hours worked by Plaintiffs' counsel and personnel, which is not disputed, amounts to over 2,250 hours, including . . . ; 750 hours at a $600/hour rate by Stuart Cochran; . . . . The Court finds these rates to be reasonable and consistent with hourly rates charged by comparable attorneys in the community for similar work."). *See Spence v. Irving Holdings, Inc.*, No. 3:10-cv-142-F (Doc. 201) at p. 4, PageID 2414 (N.D. Tex. Dallas). Adjusting for inflation as above gives a rate of $743.82.

## * Danielle Alexis Matthews (class of '00): Ms. Matthews

works in Dallas and her online biography notes "[h]er practice focuses on representing employers in workplace law matters, including preventive advice and counseling." In a Dallas FLSA case, she submitted a declaration in which she noted that in 2016 she billed her client for work in that case at the rate of $655.00 per hour. *See* Declaration of Danielle Alexis Matthews in *Areizaga v. ADW Corp.*, No. 3:14-cv-2899 (Docs. 94-1 & 94-2) (N.D. Tex. Dallas). *See generally* Brief in Support of ADW Corporation's Motion to Dismiss Plaintiff's Original Complaint (Doc. 7) (discussing nature of the case). Attached to Ms. Matthews's declaration are law firm billing records. Those billing records, Doc. 94-2 at p. 6, list Ms. Matthews as having billed at a rate of $655.00 per hour in an invoice dated February 10, 2016. Magistrate Judge David L. Horan declined to grant this requested rate. *See* Doc. 130 [Memorandum Opinion and Order] at p. 12. But it was a rate actually billed for employment work in the North Texas community. *See* Doc. 94-1 at p. 3, PageID 1051 ("Fulbright charged ADW its standard hourly rate for each of the attorneys who worked on the matter . . . ") and 94-2 at p. 6, PageID 1057 (listing $655 as the rate for Ms. Matthews on the firm's February 10, 2016, invoice). Adjusting for inflation of this $655.00 per hour rate from 2016 to the end of 2020 as above gives a rate of $722.06.

## * Karen C. Denney (class of '02): Ms. Denney works in Dallas

and her online biography notes she "is a partner in her firm's Labor and Employment Practice Group." In a Dallas employment discrimination case, her declaration and accompanying client invoice dated April 14, 2015, show her rate charged for work billed in that case was $565.00 per hour (prior to an across-the-board 10% discount). *See Garofalo v. Taco Bueno, LP*, No. 3:14-cv-02616-M-BH (Doc. 43) at p. 11, PageID 377 (N.D. Tex. Dallas) (for work such as "revise and finalize designation of expert witnesses for filing" and "revise required scheduling proposal"). Adjusting for inflation as above yields a rate of $643.87.

## * Brian Lauten (class of '01): Mr. Lauten works in Dallas. On

July 27, 2010, Judge Jane Boyle awarded Mr. Lauten a rate of $500.00 per hour rate for his work in prosecuting a Dallas employment retaliation case. *See*

*Nassar v. University of Texas Southwestern Medical Center*, No. 3:09-CV-1337 (Doc. 160) at pp. 8–10, PageID 2245–47 (N.D. Tex. Dallas) ("Defendant argues that Dr. Nassar has not met his burden and that the rates requested ($400 per hour for Mr. Walker, $500 per hour for Mr. Lauten, $500 per hour for Ms. Lauten, and $750 per hour for Ms. Aldous) are excessive. . . .  In light of the degree of success obtained and the evidence submitted, the Court finds that the lodestar may be calculated using the requested rates, with one exception [applicable to Ms. Lauten]."), *reversed on other grounds*. Adjusting for inflation as above gives a rate of $639.85.

* **John R. Herring (class of '08):** Mr. Herring works in Dallas and his online biography notes he "has handled Fair Labor Standards Act (FLSA) collective actions and state law class actions across the country, and regularly assists companies evaluating compliance with state and federal employment laws and regulations." In a Dallas FLSA case, a declaration was submitted which noted that in 2016, work he did was billed to a client at the rate of $555.00 per hour. *See* Declaration of Danielle Alexis Matthews in *Areizaga v. ADW Corp.*, No. 3:14-cv-2899 (Docs. 94-1 & 94-2) (N.D. Tex. Dallas). *See generally* Brief in Support of ADW Corporation's Motion to Dismiss Plaintiff's Original Complaint (Doc. 7) (discussing nature of the case). Attached to the declaration are law firm billing records that show Mr. Herring as having billed at a rate of $555.00 per hour in invoices dated February 10, 2016, March 15, 2016, and April 12, 2016. *See* Doc. 94-2 at pp. 6, 10, 14 (for work such as "conference with litigation team" and "prepare ADW Corporation's brief seeking discovery of Plaintiff's electronically stored information"). Magistrate Judge David L. Horan declined to grant this requested rate. *See* Doc. 130 [Memorandum Opinion and Order] at pp. 12–13. But it was a rate actually billed for employment work in the North Texas community. *See* Doc. 94-1 at p. 3, PageID 1051 ("Fulbright charged ADW its standard hourly rate for each of the attorneys who worked on the matter . . . ") and 94-2 at pp. 6, 10, 14 (listing "$555.00" as the rate for Mr. Herring on several of his firm's invoices). Adjusting for inflation of this $555.00 per hour rate from 2016 to the end of 2020 as above gives a rate of $611.82.

* **Mike Gaddis (class of '09):** Mr. Gaddis works in Dallas. In a Dallas alleged breach of employment agreement against a former employee of a company, there was testimony on January 28, 2014, that Mr. Gaddis' hourly rate for work on that case was $485.00 per hour. *See* Transcript of trial testimony of Stephen E. Fox on January 28, 2014 in *Highland Capital Management, L.P. v. Daugherty*, No. 05-14-01215-CV (68th Judicial District Court for Dallas County, Texas) at p. 84 ("Q. Okay. And what hourly rate are you charging Highland for Mr. Gadis' work in this case? A. Whatever it says in the report, is it 480? Q. 485, I believe. A. 485, yes, sir."). Adjusting for inflation of this

$485.00 per hour rate from 2014 to the end of 2020 as above gives a rate of $561.49.

\* **Joseph H. Gillespie (class of '02):** Mr. Gillespie works in Dallas and his online biography notes he "focuses his practice on labor and employment advice, litigation, and trials." On August 24, 2012, Judge Ed Kinkeade ruled that—for Mr. Gilespie's work in an FLSA case—the rate of $450.00 per hour was "consistent with the hourly wages of similarly situated attorneys in the Dallas area." *See Black v. Settlepou, P.C.*, No. 3:10-CV-1418-K (Doc. 133) at p. 8, PageID 2610 (N.D. Tex. Dallas). Adjusting for inflation as above yields a rate of $546.77.

\* **Brent Walker (class of '04):** Mr. Walker works in Dallas. On July 27, 2010, Judge Jane Boyle awarded Mr. Walker a rate of $400.00 per hour for his work in prosecuting a Dallas employment retaliation case. *See Nassar v. University of Texas Southwestern Medical Center*, No. 3:09-CV-1337 (Doc. 160) at pp. 8–10, PageID 2245–47 (N.D. Tex. Dallas) ("Defendant argues that Dr. Nassar has not met his burden and that the rates requested ($400 per hour for Mr. Walker, $500 per hour for Mr. Lauten, $500 per hour for Ms. Lauten, and $750 per hour for Ms. Aldous) are excessive. . . .  In light of the degree of success obtained and the evidence submitted, the Court finds that the lodestar may be calculated using the requested rates, with one exception [applicable to Ms. Lauten]."), *reversed on other grounds*. Adjusting for inflation as above gives a rate of $511.88.

\* **Taj Clayton (class of '05):** Mr. Clayton works in Dallas and in 2009, his client agreed to pay his firm $350.00 per hour—a discount from his unstated standard rate—for work in a breach of compensation agreement case filed in Austin by an employee. *See* Fee Agreement dated February 19, 2009 (attached to Declaration of William T. Jacks) in *Garriott v. NCsoft Corp.*, No. 1:09-cv-00357 (Doc. 182-4) at p. 4, n. 2 (W.D. Tex. Austin) ("$350/hr. for Taj's services" and "Please note that these rates are discounted from our standard rates"). Adjusting for inflation as above from the year of this fee agreement (2009) gives a rate of $463.97.

\* **Brandon Shelby (class of '04):** Mr. Shelby works in Sherman. In 2015, in an alleged defamation case brought by a former government employee in Wichita Falls, Mr. Shelby testified that his standard hourly rate is $400.00 per hour. *See* Declaration of Brandon Shelby in *Scruggs v. City of Bowie*, No. 7:14-cv-00123 (Doc. 60) at pp. 32–35, PageID 797 (N.D. Tex. Wichita Falls) ("My standard rate is $400 per hour for my services"). Adjusting for inflation as above yields a rate of $455.83.

**\* Jim Sanford (class of '05):** Mr. Sanford works in Dallas and his online biography notes he "counsels and advocates for clients in the area of labor and employment law." On August 24, 2012, Judge Ed Kinkeade ruled that—for Mr. Sanford's work in an FLSA case—the rate of $375.00 per hour was "consistent with the hourly wages of similarly situated attorneys in the Dallas area." *See Black v. Settlepou, P.C.*, No. 3:10-CV-1418-K (Doc. 133) at p. 8, PageID 2610 (N.D. Tex. Dallas). Adjusting for inflation as above yields a rate of $455.64.

**\* Ashley Tremain (class of '08):** Ms. Tremain works in Dallas and her online biography notes that she "represent[s] individuals in all types of employment disputes, including informal negotiations, trial in the state and federal courts, arbitrations, appeals, and administrative proceedings before the TWC, EEOC, and NLRB." On June 27, 2019, Arbitrator Karen Fitzgerald awarded Ms. Tremain a rate of $450.00 per hour for work she did in prosecuting a Dallas Equal Pay Act case. *See Gardner v. Apple Texas Restaurants, Inc.*, AAA Case No. 01-17-0001-6323 (American Arbitration Association Employment Arbitration Tribunal). Adjusting for inflation as above yields a rate of $454.89.

**\* Carmen Artaza (class of '06):** Ms. Artaza works in Dallas and her online biography notes that she has "practiced employment law exclusively since graduating law school in 2006." On June 27, 2019, Arbitrator Karen Fitzgerald awarded Ms. Artaza a rate of $450.00 per hour for work she did in prosecuting a Dallas Equal Pay Act case. *See Gardner v. Apple Texas Restaurants, Inc.*, AAA Case No. 01-17-0001-6323 (American Arbitration Association Employment Arbitration Tribunal). Adjusting for inflation as above yields a rate of $454.89.

**\* Christine Hopkins (class of '05):** Ms. Hopkins works in Dallas and her online biography notes she focuses her practice on employment law. On June 27, 2019, Arbitrator Karen Fitzgerald awarded Ms. Artaza a rate of $450.00 per hour for work she did in prosecuting a Dallas Equal Pay Act case. *See Gardner v. Apple Texas Restaurants, Inc.*, AAA Case No. 01-17-0001-6323 (American Arbitration Association Employment Arbitration Tribunal). Adjusting for inflation as above yields a rate of $454.89.

**\* John M. Barcus (class of '02):** Mr. Barcus works in Dallas. His online biography notes that he does labor and employment work. On December 18, 2020, in a Dallas case involving allegations of race discrimination

in employment, he submitted a declaration noting that although he worked on a discount his standard hourly rate is $450.00. *See Ibarra v. Jacobs Eng. Group, Inc.*, No. 3:19-cv-01437-C (Doc. 41-1) at p. 12, PageID 2420 (N.D. Tex. Dallas) (Declaration of John M. Barcus) ("My *standard* hourly rate for 2020 is $450") (emphasis in original).

* **M. Jeanette Fedele (class of '03):** Ms. Fedele previously worked in Dallas. She is a board-certified labor and employment law specialist. On March 2, 2012, Judge Ken Molberg [now Justice Molberg of the Dallas Court of Appeals] ruled $360.00 per hour was a "reasonable" rate in *Rush Truck Centers of Texas, L.P. v. Fitzgerald*, No. DC-09-15958-D (95th District Court for Dallas County, Texas)—a Dallas employment retaliation case. Adjusted for inflation as above, that rate is $437.41.

* **Gavin S. Martinson (class of '05):** Mr. Martinson works in Dallas and his online biography states that he "represents employers in all aspects of labor and employment law." In 2019, in a Dallas employment discrimination and retaliation case, Mr. Martinson testified that his standard hourly rate was $425.00 per hour. *See* Declaration of Gavin S. Martinson, filed in *Carmona v. Krammerer*, No. DC-17-13908 (298th District Court for Dallas County, Texas) ("The hourly rates that Mr. Leslie and I charged for this matter were discounted from our ordinary rates for matters such as this. Mr. Leslie's regular hourly rate is $350 and my regular hourly rate is $425"). Adjusting for inflation as above gives a rate of $429.62.

* **Monica Velazquez (class of '02):** Ms. Velazquez works in Collin County and previously worked in Dallas. She is a board-certified labor and employment law specialist. On February 17, 2015, Ms. Velazquez testified that she billed $370 per hour for work on a motion to dismiss in a Dallas employment discrimination case. *See* Affidavit of Monica Velazquez, filed in *Killough v. American Airlines, Inc.*, No. DC-14-11368 (68th District Court for Dallas County, Texas) ("In connection with the Motion to Dismiss to date, I billed 1.8 hours at an hourly rate of $370[.] . . ."). Adjusting for inflation as above yields a rate of $421.61.

* **Corinna Chandler (class of '09):** Ms. Chandler works in Dallas and she focuses her practice on employment law. On April 9, 2014, Judge Jorge Solis found a rate of $350.00 per hour was "reasonable for this locality" for the work Ms. Chandler did in prosecuting a Dallas FLSA case. *See Parker v. ABC Debt Relief, Ltd.,* No. 3:10-cv-1332-P (Doc. 241) at p. 4, PageID 7059 (N.D. Tex. Dallas) ("Plaintiffs also request . . . that attorneys Todd Goldberg and Corinna Chandler be compensated at an hourly rate of $350, . . . . The

Court finds that the hourly rates requested by Plaintiffs are reasonable for this locality."). Adjusting for inflation as above gives an hourly rate of $405.20.

* **Todd Goldberg (class of '09):** Mr. Goldberg works in Dallas. On April 9, 2014, Judge Jorge Solis found a rate of $350.00 per hour was "reasonable for this locality" for the work Mr. Goldberg did in prosecuting a Dallas FLSA case. *See Parker v. ABC Debt Relief, Ltd.,* No. 3:10-cv-1332-P (Doc. 241) at p. 4, PageID 7059 (N.D. Tex. Dallas) ("Plaintiffs also request . . . that attorneys Todd Goldberg and Corinna Chandler be compensated at an hourly rate of $350, . . . . The Court finds that the hourly rates requested by Plaintiffs are reasonable for this locality."). Adjusting for inflation as above gives an hourly rate of $405.20.

* **Jamie J. McKey (class of '06):** Ms. McKey works in Dallas. On January 16, 2014, Judge Phyllis Lister Brown ruled that $350.00 per hour was a "reasonable" rate for work Ms. McKey did in *Green v. Dallas County Schools,* No. DC-12-09857 (162nd District Court for Dallas County, Texas)—a Dallas employment discrimination case. Adjusting for inflation as above yields an hourly rate of $405.20.

## Classes of the 2010s



# 20
**lawyers listed**

# $422.22
**average rate**

# $360.53
**median rate**



# Classes of the 2010s: The Rates

 $783.43*
Allison A. Reddoch (JD 2011)

 $678.76*

 $667.18*

 $648.14*

 $524.21*
Arrissa K. Meyer (JD 2010)

 $495.04*

$474.02*

$408.28*

 $404.35*
Jay Forester (JD 2013)

$367.24*
Amanda Brown (JD 2013)



$353.81*
Jeff T. Leslie (JD 2015)
 

$341.74*


$325.20*


$325.20*


$314.18*
Ryan Toomey (JD 2011)

$284.90*


$284.90*


$266.12*


$255.17*
Jennifer Birdsall (JD 2017)


$242.50*
Hannah P. Parks (JD 2014)
 

# Classes of the 2010s: The Work



\* Allison A. Reddoch (class of '11): Ms. Reddoch works in Arlington and formerly focused on employment law in Dallas. In a bankruptcy case, her rate is listed as $775.00 per hour. *See* Summary of Combined Third Interim and Final Application of DLA Piper LLP (US) for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Counsel to the Debtors and Debtors in Possession for the Interim Period from September 1, 2018 through February 13, 2019 and the final period from March 6, 2018 through February 13, 2019, filed in *In re: 4 West Holdings, Inc.*, No. 18-30777 (Doc. 1429) at p. 9 (Bankr. N.D. Tex. Dallas). The court approved the request for fees. *See id.* at Doc. 1485 (May 2, 2019). Adjusting for inflation from the year of that listing (2019) to the end of 2020, using the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics,[1] that rate is $783.43 per hour. She billed for work in an alleged theft of trade secrets case in Dallas involving former employees of a company, in *Medoc Health Servs., LLC v. Nguyen*, No. DC-18-0822 (14th District Court for Dallas County, Texas). An invoice dated March 23, 2018, lists her rate as $625.00 per hour. *See* Exhibit C attached to Plaintiff's Motion for Attorneys' Fees in that case, filed on November 20, 2020, at p. 55 (for such work as "[m]ake preparation for hearing on Dyer's Motion to Dismiss by reviewing and evaluating documents produced by Defendants and clients' documents; attention to discovery issues; continue preparing for Defendants' depositions by preparing deposition outlines"). Adjusting for inflation from the year of this invoice as above yields a rate of $637.94.

\* Todd Mobley (class of '10): Mr. Mobley works in Dallas and his online biography says he "represents employers in connection with a wide variety of collective and class action wage and hour disputes brought pursuant to the FLSA, as well as claims of discrimination, harassment, retaliation and wrongful discharge." He billed for work on an alleged theft of trade secrets case

---

[1] https://www.officialdata.org/Legal-services/price-inflation.

in Dallas involving former employees of a company, in *Medoc Health Servs., LLC v. Nguyen*, No. DC-18-0822 (14th District Court for Dallas County, Texas). An invoice dated March 23, 2018, lists his rate as $665.00 per hour. *See* Exhibit C attached to Plaintiff's Motion for Attorneys' Fees in that case, filed on November 20, 2020, at p. 55 (for work such as "research related to whether subpoena served by the government on third parties are confidential or whether they can be disclosed," "review agreed order," "review and analyze discovery requests," and "oversee service of objections and responses to discovery requests"). Adjusted for inflation from the year of this invoice (2018) as above yields a rate of $678.76.

* **Britney J. P. Prince (class of '15):** Ms. Prince works in Irving. In a Dallas bankruptcy case, her rate is listed as $660.00 per hour and she is listed as "Associate; Employment." *See* Summary of Combined Third Interim and Final Application of DLA Piper LLP (US) for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Counsel to the Debtors and Debtors in Possession for the Interim Period from September 1, 2018 through February 13, 2019 and the final period from March 6, 2018 through February 13, 2019, filed in *In re: 4 West Holdings, Inc.*, No. 18-30777 (Doc. 1429) at pp. 6, 10, 181, 191 (Bankr. N.D. Tex. Dallas). She billed at that rate for work such as "prepare deposition exhibits." *See id.* at p. 181 (time entry dated 01/03/19). The court approved the request for fees. *See id.* at Doc. 1485 (May 2, 2019). Adjusting for inflation as above gives a rate of $667.18. She billed for work in an alleged theft of trade secrets case in Dallas involving former employees of a company, in *Medoc Health Servs., LLC v. Nguyen*, No. DC-18-0822 (14th District Court for Dallas County, Texas). An invoice dated April 20, 2018, lists her rate as $475.00 per hour. *See* Exhibit C attached to Plaintiff's Motion for Attorneys' Fees in that case, filed on November 20, 2020, at p. 67. Adjusting for inflation from the year of this invoice (2018) as above yields a rate of $484.83.

* **Betsey A. Boutelle (class of '14):** Ms. Boutelle previously worked in Texas. In a Dallas bankruptcy case, her rate is listed as $635.00 per hour and she is listed as "Associate; Employment." *See* Summary of Combined Third Interim and Final Application of DLA Piper LLP (US) for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Counsel to the Debtors and Debtors in Possession for the Interim Period from September 1, 2018 through February 13, 2019 and the final period from March 6, 2018 through February 13, 2019, filed in *In re: 4 West Holdings, Inc.*, No. 18-30777 (Doc. 1429) at p. 10 (Bankr. N.D. Tex. Dallas). The court

approved the request for fees. *See id.* at Doc. 1485 (May 2, 2019). Adjusting for inflation from 2019 as above gives a rate of $648.14.

\* Arrissa K. Meyer (class of '10): Ms. Meyer works in Dallas. Her online biography says that "[a]lthough she has significant experience in employment law, she focuses her practice on traditional labor law." In a Dallas employment discrimination case, a declaration and accompanying client invoice dated April 14, 2015, show her rate charged for work billed in that case was $460.00 per hour (prior to an across-the-board 10% discount). *See Garofalo v. Taco Bueno, LP*, No. 3:14-cv-02616-M-BH (Doc. 43) at p. 11, PageID 377 (N.D. Tex. Dallas) (for work such as "Draft Designation of Expert Witnesses" and "Draft Defendant's Scheduling Proposal for Settlement Conference pursuant to April 3rd order"). Adjusting for inflation from the year of this invoice (2015) as above gives a rate of $524.21. On May 31, 2019, Judge Brian A. Jackson of the United States District Court for the Middle District of Louisiana awarded the requested rate of $358.75 for work Ms. Meyer did in an employment discrimination case. *See Brown v. Praxair*, No. 17-cv-00384-BAJ-RLB (Doc. 63) at pp. 9–11 (M.D. La.) (granting the amount of fees listed in the Affidavit of Ryan Griffitts attached to motion for fees, Doc. 34-5 at p.5). The request for fees in that case stated that $358.75 is "well below her standard rate"). *See* Affidavit of Ryan Griffitts in *Brown v. Praxair, Inc.*, No. 3:17-cv-00384 (Doc. 34-5) (M.D. La.) ("Her discounted rate in this matter is $358.75, which is well below her standard rate"). Adjusting this below-standard rate for inflation as above gives a rate of $362.65.

\* Breegan O'Connor (class of '17): Ms. O'Connor works in Dallas. Her online biography states that her practice "focuses on representing employers in employment-related litigation, including before federal and state courts, as well as arbitration panels. Her specific involvement includes drafting dispositive motions, pleadings, discovery and conducting legal research." In a Dallas bankruptcy case, her rate is listed as $485.00 per hour and she is listed as "Associate; Employment." *See* Summary of Combined Third Interim and Final Application of DLA Piper LLP (US) for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Counsel to the Debtors and Debtors in Possession for the Interim Period from September 1, 2018 through February 13, 2019 and the final period from March 6, 2018 through February 13, 2019, filed in *In re: 4 West Holdings, Inc.*, No. 18-30777 (Doc. 1429) at pp. 6, 10, 72, 88 (Bankr. N.D. Tex. Dallas). She billed at that rate for work such as "[a]nalyze Texas federal law regarding the evidentiary standard for relevance" and "analyze Texas federal case law regarding waiver

of privilege through the disclosure of the contents of a privileged document." *See id.* at p. 72 (time entry dated 10/19/18). The court approved the request for fees. *See id.* at Doc. 1485 (May 2, 2019). Adjusting for inflation as above from the year of this time entry (2018) gives a rate of $495.04. She billed for work in an alleged theft of trade secrets case in Dallas involving former employees of a company, in *Medoc Health Servs., LLC v. Nguyen*, No. DC-18-0822 (14th District Court for Dallas County, Texas). An invoice dated March 23, 2018, lists her rate as $425.00 per hour. *See* Exhibit C attached to Plaintiff's Motion for Attorneys' Fees in that case, filed on November 20, 2020, at p. 55. Adjusted for inflation from the year of this invoice (2018) as above yields a rate of $433.80.

\* **Jordan Campbell (class of '13):** Mr. Campbell works in Dallas. In an FLSA case, a declaration was filed noting that in 2016 he billed his firm's client for work in that case at the rate of $430.00 per hour. *See* Declaration of Danielle Alexis Matthews in *Areizaga v. ADW Corp.*, No. 3:14-cv-2899 (Docs. 94-1 & 94-2) (N.D. Tex. Dallas); *see generally* Brief in Support of ADW Corporation's Motion to Dismiss Plaintiff's Original Complaint (Doc. 7) (discussing nature of the case). Attached to Ms. Matthews's declaration are law firm billing records. Those billing records, Doc. 94-2 at pp. 6, 10, 14, list Mr. Campbell as having billed at a rate of $430.00 per hour in invoices dated February 10, 2016, March 15, 2016, and April 12, 2016. This was for work including "Review, analyze, and revise Motion to Compel" and "prepare Appendix for Motion to Compel" and "review court's order regarding discovery issues." Magistrate Judge David L. Horan declined to grant this requested rate. *See* Doc. 130 [Memorandum Opinion and Order] at pp. 12–13. But it was a rate actually billed for employment work in the North Texas community. *See* Docs. 94-1 at p. 3, PageID 1051 ("Fulbright charged ADW its standard hourly rate for each of the attorneys who worked on the matter") and 94-2 at pp. 6, 10, 14 (listing $430 as the rate for Mr. Campbell on the firm's February 10, 2016, March 15, 2016, and April 12, 2016, invoices). Adjusting for inflation of this $430.00 per hour rate from the year of these invoices (2016) to the end of 2020 as above gives a rate of $474.02.

\* **David Norris (class of '11):** Mr. Norris works in Dallas and his online biography notes that he "focuses his practice on employment and civil trial law, including all aspects of employment law, business transactions, and commercial litigation." On November 15, 2018, Judge Mark Greenberg ruled in a bench trial on fees that Mr. Norris's requested rate of $400.00 per hour was reasonable for his work in helping pick a jury in the prosecution of *Carpenter v. Southwest Housing Dev. Co., Inc.*, Cause No. CC-08-2072-E (Dallas

County Court at Law No. 5) (read into record at trial on fees)—a Dallas unlawful employment practices case involving refusal to pay earned compensation. Judge Greenberg then applied a 1.5 multiplier to fees. Adjusting for inflation as above of only the $400.00 per hour rate (i.e., without the 1.5 multiplier) gives an hourly rate of $408.28. On May 30, 2017, Judge Ken Molberg [now Justice Molberg of the Dallas Court of Appeals] awarded Mr. Norris $350.00 per hour for his work in helping prosecute *Clark v. Everlight Americas, Inc.*, No. DC-15-05538 (95th District Court for Dallas County, Texas)—a Dallas employment discrimination and retaliation case. Adjusting for inflation as above yields an hourly rate of $372.56. On December 28, 2015, Judge Barbara M. G. Lynn awarded $250.00 per hour for Mr. Norris's time helping prosecute a Dallas employment retaliation case, *Kostić v. Texas A&M Univ.–Commerce*, No. 3:10-cv-02265-M (Doc. 281) (N.D. Tex. Dallas) (accepting Magistrate Judge David L. Horan's recommendation). Adjusting for inflation as above gives an hourly rate of $284.90.

\* **Jay Forester (class of '13):** Mr. Forester works in Dallas. His online biography states that he oversees his law firm's "unpaid wages and overtime practice." On July 10, 2019, Judge Barbara M.G. Lynn found his hourly rate of $400.00 was fair and reasonable for his work in prosecuting an FLSA case in Dallas. *See Jeffery v. Lone Star PJS, LLC*, No. 3:18-cv-02901-M (Doc. 18) at p. 6, PageID 49 (N.D. Tex. Dallas) ("Plaintiff's counsel's affidavit states that he worked for 17.4 hours on this matter and his current rate is $400 per hour. . . . The Court finds that rate fair and reasonable in Dallas County, Texas."). Adjusting for inflation as above from the year of this ruling (2019) to the end of 2020 yields an hourly rate of $404.35

\* **Amanda E. Brown (class of '13):** Ms. Brown works in Dallas. Her online biography notes that she "represents employers in litigation, arbitration, and administrative agency actions concerning both federal and state labor and employment laws, including claims of discrimination, retaliation, wrongful discharge, violations of leave law, violations of wage and hour law, whistleblower allegations, and breach of contract claims, as well as labor arbitrations." For her work in a Houston employment discrimination case, her firm billed her time at the rate of $345.00 per hour. *See* Affidavit of Ann Marie Arcadi in *Lyde v. The Boeing Co.*, No. 4:16-cv-3293 (Doc. 16-4) at p. 2 (S.D. Tex. Houston) (affidavit dated August 2, 2017) ("Ms. Brown was licensed in 2013 and is a member in good standing of the State Bar of Texas. Her practice also focuses on complex and single-plaintiff litigation and labor and employment matters. Ms. Brown also performed various legal work on this matter, and her

billing rate was $345.00 per hour."). Adjusting for inflation as above from the year of this testimony (2017) yields an hourly rate of $367.24.

\* Jeff T. Leslie (class of '15): Mr. Leslie works in Dallas and his online biography states that he "represents employers in a variety of industries, including [] manufacturing, construction, maritime, health, restaurant and hospitality." In 2019—in a Dallas employment discrimination and retaliation case—there was testimony that Mr. Leslie's regular hourly rate was $350.00 per hour. *See* Declaration of Gavin S. Martinson, filed in *Carmona v. Krammerer*, No. DC-17-13908 (298th District Court for Dallas County, Texas) ("The hourly rates that Mr. Leslie and I charged for this matter were discounted from our ordinary rates for matters such as this. Mr. Leslie's regular hourly rate is $350 and my regular hourly rate is $425"). Adjusting for inflation as above gives a rate of $353.81.

\* Barrett T. Robin (class of '15): Mr. Robin works in Dallas and his online biography notes he "has represented clients in state and federal courts across Texas, arbitration proceedings and mediation." In a Dallas FLSA case, a declaration was filed noting that in 2016 he billed his firm's client for work in that case at the rate of $310.00 per hour. *See* Declaration of Danielle Alexis Matthews in *Areizaga v. ADW Corp.*, No. 3:14-cv-2899 (Docs. 94-1 & 94-2) (N.D. Tex. Dallas). *See generally* Brief in Support of ADW Corporation's Motion to Dismiss Plaintiff's Original Complaint (Doc. 7) (discussing nature of the case). Attached to Ms. Matthews's declaration are law firm billing records. Those billing records, Doc. 94-2 at pp. 10, 15, list Mr. Robin as having billed at a rate of $310.00 per hour in invoices dated March 15, 2016, and April 12, 2016. This was for work including "Review and analyze Plaintiff's pleadings and draft Reply in Support of Motion to Compel" and "Prepare Response to Plaintiff's Second Motion for a Protective Order." *See id.* Magistrate Judge David L. Horan declined to grant this requested rate. *See* Doc. 130 [Memorandum Opinion and Order] at pp. 12–13. But it was a rate actually billed for employment work in the North Texas community. *See* Docs. 94-1 at p. 3, PageID 1051 ("Fulbright charged ADW its standard hourly rate for each of the attorneys who worked on the matter") and 94-2 at pp. 10, 14 (listing $310 as the rate for Mr. Robin on the firm's March 15, 2016, and April 12, 2016, invoices). Adjusting for inflation from the year of these invoices (2016) yields an hourly rate of $341.74.

\* **Megan L. Dixon (class of '12):** Ms. Dixon works in Dallas. Her online biography notes that she "focuses her practice on representing employees in a variety of employment disputes in state and federal courts throughout Texas." On June 14, 2016, in a Fort Worth employment discrimination and retaliation case, Judge Reed O'Connor ruled that $295.00 per hour was "reasonable given the community standards"—for her work in helping to prosecute that case. *See Calahan v. BMJ Food Corporation d/b/a Church's Chicken*, No. 4:15-CV-00251-O (Doc. 29) at p. 12, PageID 177 (N.D. Tex. Fort Worth) ("Plaintiff's attorney suggests that associate Megan Leigh Dixon rate of $295 dollars an hour and Robert G. Lee's rate at $495 an hour are reasonable hourly rates. Lee maintains that his eight years of experience and Dixon's four years of experience warrant this price. Plaintiff's rates are reasonable given the community standards and Dixon and Lee's experience.") (internal citations omitted). Adjusting for inflation from the year of Judge O'Connor's ruling (2016) gives an hourly rate of $325.20. On April 27, 2015, in a Dallas FLSA case, Judge Eric Moyé issued a judgment granting all requested fees—that request included a rate of $250.00 per hour for work Ms. Dixon did in helping prosecute the case. *See Ramirez v. NTD Group, Inc.*, No. DC-14-03809 (14th Judicial District Court for Dallas County, Texas) and Exhibit A Affidavit of Robert (Bobby) Lee dated April 22, 2015. Adjusting for inflation as above from the year of that judgment yields an hourly rate of $284.90.

\* **Melinda Arbuckle (class of '11):** Ms. Arbuckle works in Houston. Her online biography notes that she "represents workers who have not received all of the pay they were owed by their employers." On December 8, 2016, in a Dallas employment discrimination and FLSA case, Judge Jane Boyle determined that $295.00 per hour was a reasonable rate for Ms. Arbuckle's work in helping prosecute the case. *See Aguayo v. Bassem Odeh, Inc.*, No. 3:13-cv-2951-B (Doc. 146) at p. 32, PageID 7548 (N.D. Tex. Dallas). Adjusting for inflation as above from the year of that ruling (2016) gives an hourly rate of $325.20.

\* **Ryan Toomey (class of '11):** Mr. Toomey works in Austin. His online biography notes he is a trial lawyer. On December 8, 2016, in a Dallas employment discrimination and FLSA case, Judge Jane Boyle determined that $285.00 per hour was a reasonable rate for Mr. Toomey's work in helping prosecute the case. *See Aguayo v. Bassem Odeh, Inc.*, No. 3:13-cv-2951-B (Doc. 146) at pp. 32–33, PageID 7548–49 (N.D. Tex. Dallas). Adjusting for inflation as above from the year of that ruling (2016) gives an hourly rate of $314.18.

\* **Benjamin Michael (class of '13):** Mr. Michael works in Austin. On November 23, 2015, in a Dallas FLSA case, Magistrate Judge David L. Horan recommended that Mr. Michael's work in helping prosecute that case be compensated at $250.00 per hour. *See Henderson v. Fenwick Protection Inc.*, No. 3:14-cv-00505 (Doc. 56) at p. 14, PageID 285 (N.D. Tex. Dallas) ("Under the particular circumstances here, the undesigned finds that both Welmaker and Michael's rates are consistent with the prevailing rates in Dallas County for attorneys with their respective experience, skill, and ability. Therefore, the undersigned concludes, based on the information and record, including Welmaker's Affidavit, that the requested hourly rates of $400.00 and $250.00 are reasonable and within the market rate for attorneys handling this type of litigation in the Dallas area."). On December 28, 2015, Judge Barbara M. G. Lynn adopted that recommendation. *See id.* (Doc. 58) at p. 1. Adjusting for inflation as above from the year of those rulings (2015) yields an hourly rate of $284.90.

\* **Michael L. Parsons (class of '11):** Mr. Parsons works in Austin. On December 3, 2015, in a Dallas FLSA case, Magistrate Judge Irma Ramirez recommended that Mr. Parson's work in helping prosecute that case be compensated at $250.00 per hour. *See Mauricio v. Phillip Gaylen, P.C.*, No. 3:14-cv-00064-L (Doc. 41) at pp. 3–4, PageID 286–87 (N.D. Tex. Dallas) ("Here, Plaintiffs seek hourly rates of $400 for Douglas B. Welmaker, $400 for David Langenfeld, and $250 for Michael Parsons. . . . The hourly rates are consistent with the prevailing market rates in this area, and Defendants have not objected."). On March 30, 2016, Judge Sam A. Lindsay adopted that recommendation. *See id.* (Doc. 44) at pp. 1–2. Adjusting from inflation as above from the year of Magistrate Judge Irma Ramirez's recommendation (2015) gives an hourly rate of $284.90.

\* **Matthew F. Amos (class of '15):** Mr. Amos works in Dallas. On March 8, 2017, Judge Reed O'Connor ruled $250.00 per hour was a "reasonable" rate for Mr. Steele's work in an FLSA case in Fort Worth. *See Pereyra v. Navika Capital Group LLC*, No. 4:15-CV-00615-O (Doc. 83) at p. 4, PageID 3298 (N.D. Tex. Fort Worth) ("the court finds these rates are reasonable"). Adjusting for inflation as above yields an hourly rate of $266.12.

\* **Jennifer Birdsall (class of '17):** Ms. Birdsall works in Dallas. On November 15, 2018, Judge Mark Greenberg ruled in a bench trial on fees

that Ms. Birdsall's requested rate of $250.00 per hour was reasonable for her work in helping pick a jury in the prosecution of *Carpenter v. Southwest Housing Dev. Co., Inc.*, Cause No. CC-08-2072-E (Dallas County Court at Law No. 5) (read into record at trial on fees)—a Dallas unlawful employment practices case involving refusal to pay earned compensation. Judge Greenberg then applied a 1.5 multiplier to fees. Adjusting for inflation as above of only the $250.00 per hour rate (i.e., without the 1.5 multiplier) gives an hourly rate of $255.17.

* Hannah P. Parks (class of '14): Ms. Parks works in Fort Worth. Her online biography states that her "practice focuses primarily on labor and employment-related matters." On June 21, 2016, in an Amarillo FLSA case, Magistrate Judge Clinton E. Averitte granted fees requested—which included Ms. Parks's rate of $220.00 per hour. *See Ogoke v. Globe Energy*, No. 2:15-cv-00358J-BB (Doc. 30) (N.D. Tex. Amarillo) (adopting fees requested in Doc. 25). Adjusting for inflation as above yields an hourly rate of $242.52.