UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OPAL C. CORRICA, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-CV-0679-B |
| | § | |
| AMERICAN AIRLINES, | § | |
| | § | |
|    Defendant. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant American Airlines ("American")'s Motion to Dismiss for Failure to Prosecute and as a Discovery Sanction (Doc. 69). For the reasons stated below, the motion is **GRANTED** and Plaintiff's claims in this case are **DISMISSED WITH PREJUDICE**. In light of this, American's pending Motion to Compel (Doc. 63) is **MOOT**.

### I.

### BACKGROUND

This is an employment-discrimination case. Plaintiff Opal C. Corrica ("Corrica") brings claims against her former employer, American, for race discrimination in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Doc. 39, 2d Am. Compl., ¶¶ 30–36. Corrica filed her original complaint in March 2020, *see* Doc. 1, Original Compl., and has since amended her complaint twice. *See* Doc. 27, Am. Compl.; Doc. 39, 2d Am. Compl.

Although the case progressed ordinarily at first, litigation stalled when Corrica's attorneys filed a motion to withdraw as counsel in October 2021. *See* Doc. 45, Mot. Withdraw. The motion to withdraw was predicated on the severely deteriorated attorney–client relationship and Corrica's

- 1 -

attorneys' representation that she had terminated them. *See id.* ¶¶ 2, 5. The Court held a hearing on the motion on October 29, 2021, and after hearing from Corrica, her attorneys, and counsel for American, the Court granted the motion to withdraw. *See* Doc. 52, Order Granting Mot. Withdraw. Recognizing that her attorneys' withdrawal left Corrica without legal representation, the Court stayed all deadlines in the case for thirty days so that she could hire new counsel or decide whether she wanted to proceed *pro se*. *Id.* at 1.

Near the end of the thirty-day stay, Corrica filed a motion to extend the stay because she had failed to obtain counsel. *See* Doc. 53, Mot. Continuance. However, because Corrica failed to detail what efforts she made to obtain counsel during the stay, the Court denied her motion and lifted the stay as planned on November 30, 2021. *See* Doc. 55, Order Deny. Continuance, 1. In doing so, the Court explained that Corrica was free to seek new legal counsel if desired but was responsible for meeting the deadlines set forth in the Court's scheduling order. *Id.* at 1–2. The next several months proceeded as follows:

- On January 25, 2022, American filed a motion to compel discovery and for sanctions (the "first motion to compel") in light of Corrica's refusal to execute a medical records release form. *See* Doc. 56, Mot. Compel Disc. The Court referred this motion to United States Magistrate Judge Renée H. Toliver. Doc. 58, Order Referring Mot. Compel Disc. Corrica did not file a response to this motion.
- On February 25, 2022, Corrica filed a motion to stay proceedings. *See* Doc. 59, Pl.'s Sealed Mot. Stay. The Court denied Corrica's motion for failing to provide documentation supporting the reasons for her request. *See* Doc. 60, Sealed Order Deny. Pl.'s Mot. Stay.
- On April 12, 2022, American filed a motion to compel Corrica's deposition and for sanctions (the "second motion to compel"), citing Corrica's alleged refusal to make herself available to be deposed. *See* Doc. 63, Mot. Compel Dep. American's second motion to compel also included a motion to amend the scheduling order because the discovery deadline was rapidly approaching and American had not been able to obtain critical discovery from Corrica. *See id.* at 5–6. The Court granted the motion to amend the scheduling order and referred the remaining discovery-based portions of the motion to Judge Toliver. *See* Doc. 65, Order Granting Am. Scheduling Order; Doc. 66, Order Referring Mot. Compel Dep. As with the

first motion to compel, Corrica did not respond to American's second motion to compel. The motion remains pending.

- On April 19, 2022, Judge Toliver granted American's first motion to compel and ordered that Corrica provide American "an executed medical records release form on or before May 10, 2022, or risk dismissal of [her] action for failure to prosecute." Doc. 64, Order Granting Mot. Compel Disc., 1. Judge Toliver also awarded American its fees incurred in pursuing its first motion to compel. *Id.* at 2.

In light of the foregoing, and because Corrica had still not provided the executed medical records release form ordered by Judge Toliver, American filed the instant motion to dismiss under Federal Rules of Civil Procedure 41(b) and 37(b)(2)(A)(v) on May 13, 2022.[1] Doc. 69, Mot. Dismiss. Shortly thereafter, American moved for a stay of all deadlines in this case because the discovery deadline, having already been continued once, was once again imminent. Doc. 70, Def.'s Mot. Stay. The Court granted American's request and stayed all deadlines except for those related to American's second motion to compel, motion for attorneys' fees related to its first motion to compel, and instant motion to dismiss. *See* Doc. 71, Elec. Order Staying Deadlines.

As with both of American's motions to compel, Corrica failed to timely respond to American's motion to dismiss. *See* N.D. Tex. Loc. Civ. R. 7.1 (granting twenty-one days to respond to an opposed motion). Consequently, the Court ordered Corrica to, by June 9, 2022, show cause for her failures to comply with Judge Toliver's Order and to timely respond to American's motion to dismiss. *See* Doc. 72, Order Show Cause. In doing so, the Court warned Corrica that her failure to comply could "result in dismissal of [her] claims with prejudice for failure to prosecute." *Id.* Despite this warning, Corrica failed to respond by the Court's deadline. Therefore, the Court will consider American's motion to dismiss below.

---

[1] As explained *infra* Section III, the Court finds that dismissal with prejudice is appropriate under Federal Rule of Civil Procedure 41(b). As such, it does not separately consider whether dismissal would also be appropriate under Rule 37(b)(2)(A)(v).

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) permits a court to dismiss a case with prejudice when a plaintiff "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). However, because dismissal with prejudice is "a drastic remedy," the Fifth Circuit has held that it "is appropriate only where there is 'a showing of (a) a clear record of delay or contumacious conduct by the plaintiff, and (b) where lesser sanctions would not serve the best interests of justice.'" *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) (quoting *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 251–52 (5th Cir. 1984))

## III.

## ANALYSIS

American argues that dismissal with prejudice is appropriate because "[Corrica] has not participated in this litigation beyond filing multiple motions to stay" since her attorneys withdrew from the case. Doc. 69, Mot. Dismiss, 3–4. American emphasizes that Corrica has refused to execute a medical records release form despite being ordered to do so and has refused to schedule her deposition for roughly a year (including time before her attorneys withdrew). *Id.* ¶¶ 1–7. According to American, "[t]his case presents a clear record of delay and contumacious conduct," and Corrica's failure to comply with Judge Toliver's Order exemplifies that lesser sanctions would not suffice. *Id.* at 3–4. As explained below, the Court agrees.

A.      *There is a Clear Record of Delay and Contumacious Conduct*

To start, the Court finds that Corrica has intentionally delayed this case and engaged in contumacious conduct. Importantly, "it is not a party's negligence—regardless of how careless,

- 4 -

inconsiderate, or understandably exasperating—that makes conduct contumacious; instead it is the 'stubborn resistance to authority' which justifies a dismissal with prejudice." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 327 (5th Cir. 2008) (quoting *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988)). "In most cases, a plain record of delay or contumacious conduct is found if one of the three aggravating factors is also present: (1) delay caused by the plaintiff; (2) actual prejudice to the defendant; or (3) delay as a result of intentional conduct." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (quoting *Stearman v. Comm'r*, 436 F.3d 533, 535 (5th Cir. 2006)). All three aggravating factors are present here.

First, as American identifies, Corrica has repeatedly failed to comply with court orders or meaningfully participate in this case since October 2021. Corrica did not file responses to either of American's motions to compel, *see* Doc. 56, Mot. Compel Disc.; Doc. 63, Mot. Compel Dep., nor did she respond to American's instant motion to dismiss or the Court's Order requiring her to show cause for her failure to do so. *See* Doc. 72, Order Show Cause. Corrica's refusal to provide American a medical records release has already necessitated one amendment of the scheduling order, *see* Doc. 65, Order Granting Am. Scheduling Order, and her continued refusal to do so despite Judge Toliver's Order has necessitated a stay of all deadlines. *See* Doc. 64, Order Granting Motion Compel Disc.; Doc. 71, Elec. Order Staying Deadlines. All this is to ignore American's contentions—supported by the emails attached to its motion—that Corrica has refused or failed to make herself available for a deposition. *See* Doc. 74, Bezney Aff. Ex. A (documenting American's attempts to schedule Plaintiff's deposition). Put simply, there is a clear record of delay. And given that Corrica has pursued her claims *pro se* throughout this time frame, she alone is responsible. *See*

*Paskauskiene v. Alcor Petrolab, L.L.P.*, 527 F. App'x 329, 334 (5th Cir. 2013); *Breitling v. LNV Corp.*, 2016 WL 4211741, at *4 (N.D. Tex. Aug. 10, 2016).

Second, Corrica's actions have caused actual prejudice to American. Specifically, Corrica's refusal to participate in discovery has forced American to: (1) file multiple motions to compel; (2) seek extensions of deadlines and amendments to the scheduling order; and (3) prepare its defense without access to relevant medical records or the ability to depose Plaintiff. *Cf. Wilson v. Wells Fargo Bank, Nat'l Ass'n*, 2015 WL 4191300, at *4 (N.D. Tex. July 1, 2015) (finding that a defendant was prejudiced by, among other things, the plaintiff's refusal to participate in discovery); *Paskauskiene*, 527 F. App'x at 334 (recognizing that a defendant's inability to take the plaintiff's deposition caused it "substantial prejudice in defending itself").

Third, the evidence before the Court leaves no doubt that Corrica is fully aware of Judge Toliver's Order but has decided to ignore it. *See* Doc. 74, Bezney Aff. Ex. A, 1 (emails showing Corrica responding to American's attorney's reference of Judge Toliver's Order). Corrica's failure to respond to this Court's subsequent Order to Show Cause suggests a similar disregard for court orders. *See* Doc. 72, Order Show Cause. From this and Corrica's chronic failure to respond to American's motions, the Court can only conclude that her actions are intentional. *See Paskauskiene*, 527 F. App'x at 334 ("[T]he repetitive nature of [the plaintiff's] actions in light of repeated court warnings strongly indicates that she did not act unintentionally."). As such, the Court finds that there is a "clear record" of both "delay" and "contumacious conduct" on Corrica's part.

B.   *Lesser Sanctions Would Not Serve the Best Interests of Justice*

Turning to the second element, the Court finds that lesser sanctions would not serve the best interests of justice. As American notes, Corrica's participation in this case since October 2021 has

been limited to filing two motions to stay, both of which lacked supporting material and were therefore denied. *See* Doc. 69, Mot. Dismiss, 3; Doc. 55, Order Deny. Continuance; Doc. 60, Sealed Order Deny. Stay. Corrica was twice warned (by Judge Toliver and the undersigned) that her failure to comply with court orders could result in dismissal of her case. *See* Doc. 64, Order Granting Mot. Compel Disc., 1; Doc. 72, Order Show Cause. Additionally, in granting American's first motion to compel, Judge Toliver awarded American its attorneys' fees. Doc. 64, Order Granting Mot. Compel Disc., 2. Thus, lesser sanctions have been considered and implemented, but proved unsuccessful. *See Nottingham v. Warden*, 837 F.3d 438, 442 (5th Cir. 2016) (noting that lesser sanctions "include assessments of fines, costs, or damages against the plaintiff . . . and explicit warnings"); *Breitling*, 2016 WL 4211741, at *4 ("[R]epeated warnings qualify as 'lesser sanctions.'" (quoting *Barnes v. Tumlinson*, 597 F. App'x 798, 799 (5th Cir. 2015))). Accordingly, the Court concludes that dismissal with prejudice is the appropriate remedy.

## IV.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** American's Motion to Dismiss (Doc. 69). As such, Corrica's remaining claims in this action are hereby **DISMISSED WITH PREJUDICE**, and American's pending Motion to Compel (Doc. 63) is **MOOT**.

SO ORDERED.

SIGNED: June 15, 2022.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE